498 So.2d 929 (1986)
STATE of Florida, Petitioner,
v.
Jeffrey WIMBERLY, Respondent.
No. 67847.
Supreme Court of Florida.
December 11, 1986.
Jim Smith, Atty. Gen., and Henri C. Cawthon, Asst. Atty. Gen., Tallahassee, for petitioner.
Michael E. Allen, Public Defender, Second Judicial Circuit, and P. Douglas Brinkmeyer and Pamela D. Presnell, Asst. Public Defenders, Tallahassee, for respondent.
*930 OVERTON, Justice.
This is a petition to review Wimberly v. State, 476 So.2d 272 (Fla. 1st DCA 1985), in which the district court held that, in a prosecution for battery of a law enforcement officer, the trial court erred in failing to instruct the jury on the necessarily lesser included offense of simple battery. In its decision, the district court certified the following question as being of great public importance:
If the evidence at trial is sufficient to convict of a necessarily lesser included offense, and the same evidence also incontrovertibly shows that the necessarily lesser included offense could not have been committed without also committing the greater charged offense, does rule 3.510(b), Florida Rules of Criminal Procedure, require the trial judge to instruct the jury of the necessarily lesser included offense?
Id. at 274. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer the question in the affirmative and approve the opinion of the district court.
Wimberly was charged with the unlawful possession of contraband in a correctional institution, two counts of battery of a law enforcement officer, and resisting an officer with violence. §§ 784.07, 843.01, and 944.47, Fla. Stat. (1981). At trial, the judge refused respondent's request to instruct the jury on the necessarily lesser included offense of simple battery to the counts of battery of a law enforcement officer. The jury convicted respondent of possession of contraband in a correctional institution, one count of battery of a law enforcement officer, and resisting an officer without violence. Only the conviction for battery of a law enforcement officer remains at issue.
On appeal, the district court held that a trial judge is required to instruct the jury on all necessarily lesser included offenses to the offense charged, regardless of the degree of proof supporting the conviction for the greater offense. The district court reversed Wimberly's conviction for battery of a law enforcement officer and remanded for a new trial on that offense.
In this proceeding, the state contends that present Florida Rule of Criminal Procedure 3.510 does not require a trial judge to instruct the jury on necessarily lesser included offenses for which the judge determines there is no supporting evidence. We disagree. To understand the intent of the present rule, a review of the decisions and rules concerning lesser included offenses is appropriate.
Prior to 1981, there were four categories of lesser included offenses: (1) degrees, (2) attempts, (3) necessarily lesser included offenses, and (4) offenses which may or may not be lesser included offenses. Brown v. State, 206 So.2d 377, 381 (Fla. 1968). The lesser included offenses within the first three categories were determined from the information or indictment and the cited statutes: judicial discretion was not involved. Conversely, in the fourth category, the trial court considered the accusatory pleading and supporting proof to determine the existence of a lesser offense. As explained in Brown, when an offense fell into category one, two, or three, the trial court was required, under all circumstances, to give a requested jury instruction on the lesser offenses of the charged offense. Only in the last category was the trial court given the responsibility to determine whether a lesser included instruction should be given, depending on the pleadings and the presented evidence.
In 1981, on the recommendation of the Standard Jury Instructions Committee, this Court eliminated the first two Brown categories and created a new two-category scheme. In the Matter of Use by Trial Courts of Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla. 1981). The first category, which incorporated some lesser degrees of offenses, contains offenses necessarily included in the offenses charged. The second category, which now incorporates all attempts and the remaining lesser degrees of offenses, encompasses offenses which may or may not be included in the offense charged, depending on the accusatory pleadings and evidence.
*931 Accompanying this change was a modification of our rules 3.490 and 3.510 of criminal procedure. Before 1981, these rules and their predecessor statutes[*] had been interpreted by Brown and other cases to "require instructions on attempts and on all lesser degrees of an offense even when there [was] no evidence of such." See 431 So.2d at 597. As part of the new scheme, rule 3.490 was modified to provide:
If the indictment or information charges an offense divided into degrees, the jury may find the defendant guilty of the offense charged or any lesser degree supported by the evidence. The judge shall not instruct on any degree as to which there is no evidence.
Rule 3.510 became:
Upon an indictment or information upon which the defendant is to be tried for any offense the jury may convict the defendant of:
(a) an attempt to commit such offense if such attempt is an offense and is supported by the evidence. The judge shall not instruct the jury if there is no evidence to support such attempt and the only evidence proves a completed offense.
(b) any offense which as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the indictment or information and is supported by the evidence. The judge shall not instruct on any lesser included offense as to which there is no evidence.

(Emphasis added.)
In this cause, the state contends that the last sentence of the amended rule 3.510(b) covers both category one, necessarily lesser included offense, and category two, offenses which may or may not be included in the offense charged. This interpretation is contrary to the intention of the Committee in proposing and this Court in adopting the 1981 changes. The schedule of lesser included offenses which we adopted includes "Notes on the Scope, Organization, and Use of These Instructions," and states in part:
Schedule of Lesser Included Offenses:
The order of the Supreme Court also directed that the problem of "Lesser Included Offenses" be addressed. This was accomplished by formulating the Schedule of Lesser Included Offenses, which is included in this work.
Before using the schedule, one should study the comment which immediately precedes it. The schedule shows the category 1 lesser crimes on which charges must be given. Whether a charge of the lesser crimes under category 2 is necessary will require the trial judge to analyze the information or indictment and the proof to determine if elements of category 2 crimes may have been alleged and proved.
Fla.Std.Jury Instr. (Crim.) Notes (2d ed.) (emphasis added).
The modification of the schedule of lesser included offenses and of rules 3.510 and 3.490 was a major change because it substantially reduced the number of lesser offenses on which the trial judge must instruct the jury. It broadened the trial judge's authority to determine the appropriateness of instructing on attempts and degrees of offenses. It did not, however, extend that discretionary authority to necessarily lesser included offenses. That intent was clearly conveyed in the opinion adopting this major change, when we said:
We do not view these changes as invasions by the trial judge into the province of the jury  our concern in Lomax v. State, 345 So.2d 719 (Fla. 1977). In Lomax, a trial judge refused to give a requested lesser offense instruction solely because there was ample evidence to support a guilty verdict on the higher offense. This is to be distinguished from the instant changes, which will eliminate the need to give a requested lesser offense, not necessarily included in the *932 charged offense, when there is a total lack of evidence of the lesser offense.
431 So.2d at 597.
A "necessarily lesser included offense" is, as the name implies, a lesser offense that is always included in the major offense. The trial judge has no discretion in whether to instruct the jury on a necessarily lesser included offense. Once the judge determines that the offense is a necessarily lesser included offense, an instruction must be given.
The requirement that a trial judge must give a requested instruction on a necessarily lesser included offense is bottomed upon a recognition of the jury's right to exercise its "pardon power." State v. Baker, 456 So.2d 419, 422 (Fla. 1984). To adopt the state's position would eliminate any need to distinguish between necessarily lesser included offenses and lesser included offenses. If there is to be a change in the intent and purpose of the rules concerning lesser included offenses, then it should be accomplished by a rule change, not by an interpretation of this Court.
Accordingly, the district court decision is approved.
It is so ordered.
McDONALD, C.J., and BOYD and EHRLICH, JJ., concur.
ADKINS and BARKETT, JJ., concur in result only.
SHAW, J., dissents with an opinion.
SHAW, Justice, dissenting.
The majority uses the jury "pardon power" as the basis for its holding that defendants have an absolute right to jury instructions on all necessarily lesser included offenses. My disagreement with the majority opinion is that it sacrifices the truthfinding process on the altar of the "jury pardon" by injecting unnecessary confusion into a criminal prosecution.
The ultimate exercise of the jury pardon power is a not guilty verdict rendered contrary to the law and evidence, thus expressing the jury's refusal to enforce a law of which it disapproves. Such verdicts are significant in a democracy as a barometer of public opinion and as an augur of the course of future law. The historic trial of John Peter Zenger of Colonial New York for libeling the royal governor was such an instance. The jury's not guilty verdict, contrary to the law and the evidence, reflected public repudiation of extant law on libeling public officers and portended the American Revolution and the right to a free press embodied in the first amendment to the United States Constitution.[1] This type of jury pardon is constitutionally grounded on the right to a jury trial and the finality of a jury verdict. Our judicial system is able to tolerate such aberrations because they are rare and we have no remedy for an absence of public support of the law short of abrogating the constitutional right to a jury trial and the bar against twice being placed in jeopardy for the same offense. Such verdicts are essentially political judgments, not based on the evidence.
The practice of instructing juries on necessarily lesser included offenses arose under the common law and continues today because it serves the legitimate needs of the prosecution, the defendant, the jury and the judicial system. Any truth-seeking mechanism which limits the jury to verdicts of guilty or not guilty solely on the charged offense would be both deficient and inefficient. It would be deficient in that the jury faced with the evidence that a necessarily lesser included offense, but not the charged offense, had been committed and a choice of two false verdicts, guilty or not guilty as charged, might reason that guilty as charged was closer to the truth than not guilty as charged. The mechanism would be inefficient in that if the jury returned a not guilty verdict on the charged (greater) offense, the prosecutor would be permitted to bring successive prosecutions on these necessarily lesser included offenses. Ideally, *933 when a criminal charge is brought against a defendant, there are three possible true verdicts: the defendant is guilty as charged, the defendant is not guilty as charged but is guilty of an offense necessarily included in the charged offense and supported by the proof, or the defendant is not guilty of either the charged offense or of any necessarily included offense.[2] Instructing the jury on necessarily lesser included offenses serves only two legitimate purposes: to prevent a miscarriage of justice by enabling the jury to choose the true verdict and to dispose of all criminal charges from the episode in one prosecution. We begin to stray from these purposes when we allow the jury pardon to be used to arrive at a verdict contrary to the evidence and contrary to the oaths of the jurors. The majority opinion forces the jury to choose between conflicting instructions: the jury is instructed on the one hand to bring back a verdict based upon the evidence, and in the same breath they are told that they may, however, bring back verdicts that have nothing to do with the evidence and which may be totally ridiculous in light of the evidence.
While I agree that instructing the jury on necessarily included offenses is a legitimate and necessary device for assisting the jury in rendering a true verdict, this practice was not created for the purpose of affording the jury pardon power that ignores the proof.[3]
The United States Supreme Court has examined and rejected on numerous occasions the proposition that a defendant has an absolute right to a jury instruction on a necessarily included offense. In Sparf v. United States, 156 U.S. 51, 15 S.Ct. 273, 39 L.Ed. 343 (1895), the Court considered at length the respective roles of the judge to determine issues of law and of the jury to determine issues of fact, more specifically, the duty of the judge to instruct on lesser included offenses. The Court concluded:
To instruct the jury in a criminal case that the defendant cannot properly be convicted of a crime less than that charged, or to refuse to instruct them in respect to the lesser offenses that might, under some circumstances, be included in the one so charged  there being no evidence whatever upon which any verdict could be properly returned except one of guilty or one of not guilty of the particular offense charged  is not error; for the instructing or refusing to instruct, under the circumstances named, rests upon legal principles or presumptions which it is the province of the court to declare for the guidance of the jury. In the case supposed the court is as clearly in the exercise of its legitimate functions, as it is when ruling that particular evidence offered is not competent, or that evidence once admitted shall be stricken out and not be considered by the jury, or when it withdraws from the jury all proof of confessions by the accused upon the ground that such confessions, not having been made freely and voluntarily, are inadmissible under the law as evidence against the accused.
Id. at 103, 15 S.Ct. at 293. Alternatively summarized, Sparf goes to the heart of the issue here: it is the duty of the trial court to instruct the jury on matters of law and a trial court's ruling on a matter of law does not deny the defendant's right to a trial by jury nor does it invade the province of the jury to render its verdict on the facts.
In Sansone v. United States, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965), the Court, as a matter of law, further restricted the defendant's right to a necessarily included instruction. In Sansone, the greater offense included three statutory elements, the necessarily included offense consisted of two of the three elements *934 in the greater offense. The element unique to the greater offense was not controverted and the only question of fact for the jury was whether one of the common elements had been proven beyond a reasonable doubt. Thus, if the controverted common element had been proven, the defendant was guilty of both the greater and lesser offenses; if it had not been proven, the defendant was not guilty of either offense. The issue for the Court was whether under these circumstances the defendant was entitled to a jury instruction on the lesser offense. The Court concluded he was not, holding that instructions on necessarily included offenses are proper only when there is a disputed question of fact as to the unique element(s) of the greater offense. The Court summarized the principles on which it decided the case as follows:
[A] lesser-offense charge is not proper where, on the evidence presented, the factual issues to be resolved by the jury are the same as to both the lesser and greater offenses. Berra v. United States, supra; Sparf v. United States, 156 U.S. 51, 63-64, 15 S.Ct. 273, 277-278, 39 L.Ed. 343... . A lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense. Berra v. United States, [351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013], supra; Sparf v. United States, supra, 156 U.S. at 63-64, 15 S.Ct. at 277-278... .
Sansone, 380 U.S. at 349-50, 85 S.Ct. at 1009. As will be seen below, Sansone is directly on point with the case at hand.
Roberts v. Louisiana, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976), also deserves attention because it presents the reciprocal issue to that of Hopper v. Evans, 456 U.S. 605, 102 S.Ct. 2049, 72 L.Ed.2d 367 (1982), and Beck v. Alabama, 447 U.S. 625, 637, 100 S.Ct. 2382, 2389, 65 L.Ed.2d 392 (1980). The Louisiana capital punishment statute mandated that the jury be instructed on second-degree murder and manslaughter even if there was not a scintilla of evidence to support convictions on these lesser offenses.[4] The judgment of the Court was that Louisiana's capital punishment statute was constitutionally deficient. Justice Stewart's lead opinion reasoned that instructing the jury on lesser offenses when it could not rationally find guilt on those lesser offenses
plainly invites the jurors to disregard their oaths and choose a verdict for a lesser offense whenever they feel the death penalty is inappropriate. There is an element of capriciousness in making the jurors' power to avoid the death penalty dependent on their willingness to accept this invitation to disregard the trial judge's instructions. The Louisiana procedure neither provides standards to channel jury judgments nor permits review to check the arbitrary exercise of the capital jury's de facto sentencing discretion.
Roberts, 428 U.S. at 335, 96 S.Ct. at 3007. Although Justice Stewart's conclusions were made under the heightened scrutiny applicable to capital punishment statutes, they are logically applicable to non-capital cases. It is the responsibility of the courts to minimize potential jury capriciousness by providing instructions on matters of law which set legal standards and channel jury deliberations toward rational verdicts. As we said recently in Butler v. State, 493 So.2d 451, 452 (Fla. 1986),
[j]ury instructions must relate to issues concerning evidence received at trial. Buford v. Wainwright, 428 So.2d 1389 (Fla.), cert. denied, 464 U.S. 956 [104 S.Ct. 372, 78 L.Ed.2d 331] (1983); Griffin v. State, 370 So.2d 860 (Fla. 1st DCA 1979); Palmer v. State, 323 So.2d 612 (Fla. 1st DCA 1975), cert. denied, 336 So.2d 108 (Fla. 1976). Further, the court should not give instructions which are confusing, contradictory, or misleading. Finch v. State, 116 Fla. 437, 156 *935 So. 489 (1934); Swindle v. State, 254 So.2d 811 (Fla. 2d DCA 1971).
It is not the province of the jury to determine what sentence will be imposed by selecting from a smorgasbord of lesser offenses. Juries in Florida are instructed that the sentence to be imposed in non-capital cases is exclusively the responsibility of the trial judge, the jury is not to consider the sentence which might be imposed in arriving at its verdict on guilt. Moreover, even in capital cases, jury deliberations are bifurcated and the penalty is not a factor to be considered during the guilt phase of the trial.
Although Beck, Hopper and Roberts involved capital offenses, their criteria for determining whether an instruction on lesser included offenses is proper is the same criteria of that in Sansone for non-capital trials. Moreover, when read together, the three cases simply follow the rule of Sparf, a capital case, which was announced in 1895. Beck is significant for establishing the rule that a defendant is entitled to a jury instruction on a lesser offense if that offense is necessarily included within the charged offense under statutory law and the evidence supports such an instruction. Hopper is significant for establishing the corollary rule that a defendant is not entitled to a jury instruction on a necessarily included offense unless the evidence would support a verdict of not guilty on the greater offense and guilty on the necessarily included offense.[5]
Applying the above criteria to the case at hand, the statutory elements of battery are subsumed within the statutory elements of battery of a law enforcement officer. The latter offense requires proof of the additional element that the person battered was a law enforcement officer. Other than this unique element, the offenses are the same. The evidence at trial was as follows. At the time of the alleged battery of a law enforcement officer, Wimberly was a prisoner at a state correctional institution. Two correctional officers, both in uniform, were conducting a security shake down of prisoners. Wimberly fled from the officers and was pursued. He discarded a knife before he was caught and resisted apprehension. The only issue for the jury was whether Wimberly had battered one of these two uniformed correctional officers. No other potential battery victims existed. Wimberly either battered a law enforcement officer or he battered no one. The jury returned a verdict that he battered a law enforcement officer. It could not have rationally returned a verdict of simple battery even had it been so instructed. Sansone is directly on point and Hopper and Roberts are controlling. The trial court did not commit error in refusing to instruct the jury on battery.
NOTES
[*] §§ 919.14 and 919.16, Fla. Stat. (1965).
[1] Zenger's account of the trial is reported in 17 How.St.Tr. 675 (1735).See also Z. Chafee, Jr., Free Speech in the United States (1941), and P. Smith, John Peter Zenger (1904).
[2] The question of whether the defendant is guilty of a separate offense other than that charged or necessarily included in the charged offense is an irrelevancy on which neither the judge nor the jury may properly render a verdict.
[3] If a constitutional right to a jury pardon existed, Florida's standard instruction to the jury that it must find the defendant guilty of the highest charge for which proof exists beyond a reasonable doubt would unconstitutionally deny the right to a jury pardon.
[4] The Alabama capital punishment statute at issue in Beck and Hopper prohibited instructions on lesser included offenses even though they were necessarily included in the capital charge.
[5] In Harris v. State, 438 So.2d 787, 796 (Fla. 1983), cert. denied, 466 U.S. 963, 104 S.Ct. 2181, 80 L.Ed.2d 563 (1984), we buttressed our decision that a defendant in a capital case is entitled to instructions on all necessarily included offenses regardless of the evidence by citing Beck. This was incorrect because it overlooked Hopper which was issued more than a year prior to Harris.