SHARP, Chief Judge.
Dillard appeals from his conviction and sentence for battery in a county or municipal jail or detention facility, in violation of section 951.075, Florida Statutes (1987). He was additionally sentenced for possession of a firearm by a convicted felon.[1] A combined scoresheet[2] was used by the *330 judge and Dillard received a twelve-year sentence for both offenses, to run concurrently. Dillard argues the battery conviction should be reversed and he should be granted a new trial because the trial court refused to instruct the jury (after timely request and objection) on simple battery, as a lesser included offense. We agree and reverse.
While Dillard was on probation for carrying a concealed weapon,[3] an offense to which he pled guilty in 1986, an affidavit of probation violation was filed. A warrant for his arrest was issued. He was arrested, and placed in a holding cell in the Putnam County Jail.
Fourteen or so other men were with Dillard in the holding cell. The evidence established that one man, Whipple, spoke to Dillard and may have touched him. Whipple asked Dillard if he knew him. Dillard reacted by striking Whipple with his fists or hands, and continued to strike Whipple until stopped by another detainee in the holding cell.
The other detainees, as well as Whipple, were reluctant to alert the guards and tell them what had happened. Eventually Whipple’s injuries were observed and the facts of the battery were told. Whipple suffered a concussion and cuts on his mouth and wrist requiring multiple stitches.
At the trial, Dillard’s attorney requested an instruction on simple battery as a lesser included offense of the crime charged. Section 951.075 provides:
Every person being detained or undergoing a sentence in a county or municipal jail or detention facility who commits assault, battery, or assault and battery upon the person of another with a deadly weapon or instrument or by any means of force likely to produce great bodily injury, but which is not an assault with intent to commit a felony, shall be guilty of a felony of the second degree, punishable as provided in s. 775.-082, s. 775.083, s. 775.084. (emphasis added)
The information alleged Dillard struck Whipple with a “deadly weapon or instrument or by any means of force likely to produce great bodily injury.”
Simple battery appears to be a lesser included offense of section 951.075. It occurs when a person:
(a) Actually and intentionally touches or strikes another person against the will of the other; or
(b) Intentionally causes bodily harm to an individual.
§ 784.08(l)(a) and (b), Fla.Stat. (1987). There was no proof that Dillard had a deadly weapon or instrument. Simple battery would be a necessarily lesser included offense of section 951.075, assuming the jury found the force Dillard employed was not likely to produce “great bodily injury.”
The supreme court held in State v. Wimberly, 498 So.2d 929 (Fla.1986), that the trial judge must instruct the jury on all necessarily lesser included offenses. See Fla.R.Crim.P. 3.510(b) (category # 1 offenses). In Wimberly, the court held that simple battery was a necessarily lesser included offense of battery of a law enforcement officer. § 784.07, Fla.Stat. (1981).
Even if simple battery is only a “permissible” lesser included offense of section 951.075, it is still error not to give the lesser charge where the pleadings and evidence demonstrate it was encompassed in the offense charged. Wilcott v. State, 509 So.2d 261 (Fla.1987). In Wilcott, the defendant was convicted of unlawfully possessing contraband in a corrections center. § 944.47, Fla.Stat. (1983). The court held it was reversible error not to give an instruction allowing the jury to find the defendant guilty of possession of less than twenty grams of cannabis. See also Jess v. State, 523 So.2d 1268 (Fla. 5th DCA 1988).
We conclude that Wimberly and Wilcott are controlling. Accordingly, we reverse *331 Dillard’s conviction for battery under section 951.075, and remand the cause for a new trial. Because Dillard’s conviction for the battery is reversed, we quash his sentence for carrying a firearm under section 790.23, and remand for resentencing on that charge because it was dependent upon the battery sentence and scoresheet. Unless sentenced for both offenses at the same time, on remand the court must use separate scoresheets for sentencing. Fla. R.Crim.P. 3.701.d.
REVERSED; SENTENCE QUASHED; REMANDED.
DAUKSCH and GOSHORN, JJ., concur.

. § 790.23, Fla.Stat. (1985).

. We assume the sentencing judge employed a combined scoresheet, although we were only *330 furnished with separate ones, because Dillard's score for the firearm charge (even assuming a one bracket jump up for violation of probation) would not justify a twelve year sentence.

. § 790.23, Florida Statutes (1985).