566 So.2d 62 (1990)
Dwayne CRAPPS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2241.
District Court of Appeal of Florida, Fifth District.
August 30, 1990.
James B. Gibson, Public Defender and Michele A. Lucas, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Rebecca R. Wall, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
Dwayne Crapps appeals his conviction of two counts of battery on a law enforcement officer. He contends the court erred in denying his request to give the simple battery instruction as a lesser included offense. We agree and reverse.
Although not listed as a lesser included offense to the offense of battery on a law enforcement officer in the Standard Jury Instructions, nonetheless, case law makes it clear that simple battery is a lesser included offense to such a charge. Jelks v. State, 509 So.2d 404 (Fla. 5th DCA 1987); Crumley v. State, 489 So.2d 112 (Fla. 1st DCA 1986), approved, 512 So.2d 183 (Fla. 1987). A trial judge has no discretion on whether to instruct on a necessary lesser included offense. State v. Wimberly, 498 So.2d 929 (Fla. 1986). Such error is *63 not harmless. Hayes v. State, 564 So.2d 161 (Fla. 2d DCA 1990).
REVERSED for a new trial.
PETERSON and GRIFFIN, JJ., concur.