573 So.2d 953 (1991)
Renetha C. WYCHE, Appellant,
v.
STATE of Florida, Appellee.
No. 88-01141.
District Court of Appeal of Florida, Second District.
January 18, 1991.
Question Certified on Denial of Rehearing March 6, 1991.
*954 James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
ALTENBERND, Judge.
Renetha C. Wyche appeals her convictions and sentences of loitering for the purpose of prostitution and battery of a law enforcement officer. § 24-61, City of Tampa Code (1987); § 784.07, Fla. Stat. (1987). She does not contest her concurrent conviction and sentence for resisting an officer with violence. § 843.01, Fla. Stat. (1987). We affirm the defendant's loitering conviction and sentence, rejecting her argument that the Tampa ordinance is facially unconstitutional. We reverse her battery of a law enforcement officer conviction and sentence because the trial court refused to instruct the jury on the necessarily lesser-included offense of simple battery. Any error in the sentencing scoresheet which might affect the remaining sentence may be corrected in the trial court.
On February 1, 1988, two police officers observed the defendant for approximately thirty minutes at about 9 p.m. in Tampa, Florida. She was standing on the corner of Nebraska Avenue and East 12th Avenue, an area known for prostitution activity. While dressed in a black teddy negligee and a pair of brown high heel shoes, the defendant yelled and waved at passing cars. The officers observed her wave down a car, talk to the driver for a few minutes, and then enter the car. As the car was leaving, the officers stopped it and questioned the defendant. When given an opportunity to explain her conduct, the defendant stated that she was on her way to a funeral. The police arrested her for loitering for the purpose of prostitution in violation of a Tampa ordinance.
After she was arrested and taken to central booking, the defendant appeared to have health problems. The two officers told the defendant that they were going to take her to a hospital. As they began to handcuff her for the trip, she became violent, and kicked and scratched the officers. This conduct resulted in the charges of resisting an officer with violence and battery on a law enforcement officer.
At trial, the defendant requested a jury instruction on simple battery, as a lesser offense of battery on a law enforcement officer. The trial court denied the requested instruction. The jury found the defendant guilty of loitering for the purpose of prostitution, battery of a law enforcement officer, and resisting an officer with violence. The trial court sentenced the defendant to sixty days' imprisonment on the loitering offense, two years' imprisonment on the resisting offense, and five years' imprisonment on the battery offense. The latter sentences were consecutive to each other and concurrent to the ordinance sentence. Thus, the total sentence fell within the recommended guidelines range of five and one-half to seven years' imprisonment.
On appeal, the defendant argues that the city ordinance prohibiting loitering for the purpose of prostitution is facially unconstitutional.[1] Although a federal district court has held a similar Jacksonville ordinance unconstitutional, the Florida Supreme Court has repeatedly upheld a less specific state loitering statute. § 856.021, Fla. Stat. (1989); compare Johnson v. Carson, 569 F. Supp. 974 (M.D.Fla. 1983) with Watts v. State, 463 So.2d 205 (Fla. 1985) and State v. Ecker, 311 So.2d 104 (Fla.), *955 cert. denied sub. nom., Bell v. Florida, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975). Even if we are not constrained to follow the supreme court's decision, we agree with the supreme court's analysis and uphold the facial constitutionality of this ordinance.
The defendant next argues that her conviction for battery of a law enforcement officer must be reversed because the trial court failed to instruct the jury on the necessarily lesser-included offense of battery. State v. Wimberly, 498 So.2d 929 (Fla. 1986); Ferrell v. State, 544 So.2d 336 (Fla. 1st DCA 1989). The defendant correctly maintains that these precedents warrant a reversal of this conviction. If we had the option, we would find this error to be harmless because the evidence without dispute establishes that the battery victim was a law enforcement officer, and this jury expressly found the victim to be a law enforcement officer in its valid guilty verdict on resisting an officer with violence. Cf. State v. Barritt, 531 So.2d 338 (Fla. 1988) (no requirement in a vehicular homicide case to instruct on the lesser offense of reckless driving when death is not an issue). We cannot, however, distinguish this case from Wimberly, which was not overruled in Barritt.
Affirmed in part, reversed in part, and remanded.

ON REQUEST FOR CERTIFICATION
The defendant has filed a motion for rehearing and a request for certification. We deny rehearing. Concerning certification, the defendant observes that Johnson v. Carson, 569 F. Supp. 974 (M.D.Fla. 1983), as a federal decision, provides no basis for conflict jurisdiction in the Supreme Court of Florida. The defendant is likewise concerned that a decision expressly upholding the validity of a municipal ordinance, as compared to a state statute, may not be subject to further review. See Fla.R. App.P. 9.030(a)(2)(A)(i). Since this decision may affect many similar ordinances in other Florida communities, in order to give the supreme court discretion to review this decision, we certify the following question of great public importance to the Supreme Court of Florida:
IS SECTION 24-61, CITY OF TAMPA CODE (1987), FACIALLY CONSTITUTIONAL?
DANAHY, A.C.J., and FRANK, J., concur.
NOTES
[1] Sec. 24-61. Prohibited actions.

A. It is unlawful for any person in the city to:
... .
10. Loiter, while a pedestrian or in a motor vehicle, in or near any thoroughfare or place open to the public in a manner and under circumstances manifesting the purpose of inducing, enticing, soliciting, or procuring another to commit an act of prostitution, sodomy, fellatio, cunnilingus, masturbation for hire, pandering, or other lewd or indecent act. Among the circumstances which may be considered in determining whether this purpose is manifested are: that such person is a known prostitute, pimp, sodomist, performer of fellatio, performer of cunnilingus, masturbator for hire or panderer and repeatedly beckons to, stops or attempts to stop, or engages passers-by in conversation, or repeatedly stops, or attempts to stop motor vehicle operators by hailing, waving of arms or any bodily gesture for the purpose of inducing, enticing, soliciting or procuring another to commit an act of prostitution, sodomy, fellatio, cunnilingus, masturbation for hire, pandering, or other lewd or indecent act. No arrest shall be made for a violation of this subsection unless the arresting officer first affords such person the opportunity to explain this conduct, and no one shall be convicted of violating this subsection if it appears at trial that the explanation given was true and disclosed a lawful purpose.
a. For the purpose of this subsection 10, a "known prostitute, pimp, sodomist, performer of fellatio, performer of cunnilingus, masturbator for hire or panderer" is a person who, within one (1) year previous to the date of arrest for violation of this subsection, had within the knowledge of the arresting officer been convicted of violating any ordinance of the city or law of any state defining and punishing acts of soliciting, committing, or offering or agreeing to commit prostitution, sodomy, fellatio, cunnilingus, masturbation for hire, pandering, or other lewd or indecent act.
b. For the purpose of this subsection 10 and section 24-63, "any person" shall also include panderers or solicitors of sexual acts, commonly referred to as "johns" or "tricks," who loiter in a manner and under circumstances manifesting the purpose of participating in, procuring, purchasing or soliciting any sexual act for hire made illegal by state law. Among the circumstances which may be considered in determining whether this purpose is manifested are: that such person, while pedestrian or in a motor vehicle, repeatedly beckons to, attempts to stop, engages or attempts to engage in conversation with any person by hailing, waving of arms or any bodily gesture for the purpose of inducing, enticing, soliciting or procuring another to commit an act of prostitution, sodomy, fellatio, cunnilingus, masturbation for hire, pandering, or other lewd or indecent act.