608 So.2d 114 (1992)
James BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2436.
District Court of Appeal of Florida, First District.
November 2, 1992.
Nancy A. Daniels, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Gypsy Bailey, Asst. Atty. Gen., for appellee.
ERVIN, Judge.
Appellant, James Brown, challenges his convictions and sentences for two counts of battery upon a law enforcement officer. He contends that the lower court erred in refusing to instruct the jury on simple battery as a lesser included offense of battery upon a law enforcement officer, and that the written sentencing orders are improper, because they include conditions not orally announced at sentencing as well as improper delegations of authority to appellant's probation officer. We agree with appellant as to the first issue and reverse and remand for new trial. We do not reach the sentencing issue because our disposition of the first point moots consideration of the latter.
Appellant was stopped for a traffic infraction on February 22, 1990, and, when Calloway Police Officers Robert Cheek and Carry Kimbler attempted to arrest appellant for driving without a license, an altercation ensued during which appellant struck the two officers. Appellant does not contend that he did not realize the persons who stopped him were police officers. In fact, both officers were dressed in full police uniform and had arrived at the scene in police cruisers with their blue lights flashing.
During the charge conference, appellant requested a jury instruction on simple battery as a lesser included offense. The request was denied, and the jury was instructed only on battery of a law enforcement officer and not guilty, and was given a verdict form with only those two limited choices. The jury subsequently returned guilty verdicts. Appellant was sentenced to two years of community control, followed by three years of probation as to each count.
Appellant contends State v. Wimberly, 498 So.2d 929 (Fla. 1986), is controlling as to the propriety of the simple battery instruction. In that case, our supreme court held that the trial court was required to give an instruction on simple battery in connection with a charge of battery of a *115 law enforcement officer as a lesser included offense, even though the evidence "incontrovertibly shows that the necessarily lesser included offense could not have been committed without also committing the greater charged offense." Wimberly, 498 So.2d at 930. In so holding, the court noted that simple battery is a necessarily lesser included offense to battery of a law enforcement officer and that the trial judge had no discretion to deny the requested instruction. The court explained that the requirement of giving an instruction on necessarily lesser included offenses is bottomed upon the recognition of the jury's right to exercise its "pardon power." Id. at 932.
Wimberly appears to be directly on point and has been followed in Ferrell v. State, 544 So.2d 336 (Fla. 1st DCA 1989) (reversing conviction for battery on law enforcement officer, because trial court failed to give simple battery instruction). See also Macklin v. State, 590 So.2d 1044 (Fla. 3d DCA 1991); Wyche v. State, 573 So.2d 953 (Fla.2d DCA 1991); Crapps v. State, 566 So.2d 62 (Fla. 5th DCA 1990).
The state seeks to distinguish Wimberly on the ground that it is a 1986 decision and was therefore written prior to the May 1987 amendment to the standard jury instructions that redesignated simple battery from a category 1 necessarily lesser included offense to a category 2 permissive lesser included offense. See The Florida Bar re Standard Jury Instructions  Criminal, 508 So.2d 1221 (Fla. 1987); Fla.Std. Jury Instr. (Crim.) p. 288.
Indisputably, Wimberly was issued prior to the 1987 amendment to the standard jury instructions and thus can be distinguished on that basis. Ferrell, Macklin,[1] and Wyche may also be distinguished, because, although issued after the 1987 amendment, they make no mention of the amendment, but rely solely on Wimberly in reversing convictions where the simple battery instruction was not given. The same cannot be said, however, as to Crapps. There the court stated: "Although not listed as a lesser included offense to the offense of battery on a law enforcement officer in the Standard Jury Instructions, nonetheless, case law makes it clear that simple battery is a lesser included offense to such a charge." Crapps, 566 So.2d at 62. Thus, even if we reject the holdings in Wimberly, Ferrell, Macklin, and Wyche as controlling, Crapps still supports reversal.[2]
Notwithstanding the Crapps decision, there appears to be a conflict between the holdings of Ferrell, Macklin, and Wyche and the amended standard jury instructions. Consequently, an analysis of the amendment is appropriate. The reclassification amendment in the instructions was made in response to the case of Rotenberry v. State, 468 So.2d 971 (Fla. 1985). In Rotenberry, the defendant was convicted of trafficking in cocaine, in violation of Section 893.135, Florida Statutes; sale of cocaine, in violation of Section 893.13(1)(a), Florida Statutes; and possession of cocaine, in violation of section 893.13(1)(e). In upholding all three convictions, the court observed that "the legislature did not intend the charge of trafficking in cocaine to encompass possession and sale as lesser included offenses." Id. at 975. In so doing, the court applied the test of Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), and determined that because trafficking requires proof of an additional element of 28 grams or more of cocaine, which neither sale nor possession requires, and because trafficking in cocaine could be committed either by sale or possession, neither sale nor possession *116 was a necessarily lesser included offense. Rotenberry, 468 So.2d at 976-77. Thus, the court allowed all three convictions to stand.
We fail to see how the Rotenberry decision provides support for reclassifying the offense of simple battery from a category 1 to a category 2 lesser included offense. Moreover, we consider the reasoning in Rotenberry to militate against such reclassification. Even if the supreme court believes that the legislature intended to exclude simple battery as a lesser included offense, as the amended instructions may imply, neither the legislature nor the Florida Supreme Court can do so if such is contrary to United States Supreme Court precedent. The Supreme Court established the test for determining separate offenses in Blockburger, which recognizes that two statutory offenses are independent and distinct if each can possibly be committed without necessarily committing the other. In other words, two statutory offenses are not the same offense if each statutory offense has at least one constituent element that the other does not.[3]Rotenberry, 468 So.2d at 976 (quoting Baker v. State, 425 So.2d 36, 50 (Fla. 5th DCA 1982) (Cowart, J., dissenting), approved in part, quashed in part, 456 So.2d 419 (Fla. 1984)). As stated in State v. Weller, 590 So.2d 923, 925 (Fla. 1991), the Blockburger test defines necessarily lesser included offenses. Thus, a crime is a necessarily lesser included offense if, based on the statutes themselves, a defendant cannot possibly avoid committing the offense when the other crime in question is perpetrated. Id. at 925. Here, the defendant could not possibly avoid committing a simple battery when perpetrating battery on a law enforcement officer. Moreover, while battery on a law enforcement officer requires as additional elements that proof be adduced of the law enforcement officer's status and the defendant's knowledge of same, the offense of simple battery has no constituent element that would distinguish it from battery on a law enforcement officer.[4] Consequently, under Blockburger, the two crimes cannot be separate. Accord Section 775.021(4)(b)(3), Florida Statutes (1989), excluding "[o]ffenses which are lesser offenses the statutory elements of which are subsumed by the greater offense" from the legislative intent to punish for each offense. Thus, we agree with Crapps that case law has established simple battery as a necessarily lesser included offense to battery on a law enforcement officer, thereby requiring that the trial court instruct thereon.
Even if we considered simple battery a "permissive lesser included offense," the court was still required to give the instruction. In an analogous case, Wilcott v. State, 509 So.2d 261 (Fla. 1987), the court held that instructions on permissive lesser included offenses must be given when the pleadings and evidence demonstrate that the lesser offense was included in the offense charged. There, the defendant, charged with introduction and possession of contraband upon the grounds of a state correctional facility, was held entitled to an instruction on the lesser included offense of misdemeanor possession of less than 20 grams of cannabis, because the evidence supported such lesser offense. Here, the charging document[5] and evidence demonstrated that simple battery was included in the offense alleged. Thus, under Wilcott, the trial court erred in denying the requested instruction. Accord Cooper v. State, *117 512 So.2d 1071 (Fla. 1st DCA 1987) (error not to give instruction for simple possession of less than 20 grams of cannabis as permissive, lesser included offense to possession of contraband articles in county detention facility); Dillard v. State, 544 So.2d 329 (Fla. 5th DCA 1989) (error not to give simple battery instruction as lesser included offense to battery in a county or municipal jail or detention facility).
REVERSED and REMANDED for new trial.
MINER and WOLF, JJ., concur.
NOTES
[1] We note that the state's position in the instant case is inconsistent with its position in Macklin, wherein it conceded error under similar circumstances. Macklin, 590 So.2d at 1045 ("The state correctly concedes that the trial court erred in failing to instruct the jury on simple battery as a lesser included offense of the charge of battery on a law enforcement officer.").
[2] In so saying, we acknowledge that this issue was raised in Diaz v. State, 592 So.2d 1091 (Fla. 1st DCA 1992), where this court affirmed the defendant's conviction for battery on a law enforcement officer in the absence of a simple battery instruction. We do not consider Diaz controlling, however, because the issue was not preserved in that case.
[3] The Blockburger test is codified at Section 775.021(4)(a), Florida Statutes (1989).
[4] See § 784.03(1) & 784.07, Fla. Stat. (1989); Fla. Std.Jury Instr. (Crim.) pp. 87 & 91.
[5] Although the information regarding the offense committed on Officer Kimbler was not included in the record on appeal, the information concerning Officer Cheek alleged:

JAMES BROWN, on or about the 22nd day of February, 1990, in the County and State aforesaid, did then and there knowingly and unlawfully commit a battery upon a law enforcement officer, to-wit: Robert Cheek, by actually and intentionally touching or striking the said officer without the consent of the said officer or by intentionally causing bodily harm to the said officer while the officer was engaged in the lawful performance of his duty, to-wit: striking Officer Cheek in the mouth, in violation of Section 784.07, Florida Statutes.