ZEHMER, Judge.
Todd Marcus Williams appeals a judgment and sentence adjudicating him guilty of two counts of battery of a law enforcement officer and sentencing him as a habitual felony offender to 4V2 years’ incarceration. Because the trial court failed to instruct the jury on simple battery, we reverse.
The trial court refused to give the requested instruction on simple battery because Williams had not presented any evidence that the persons he allegedly battered were not law enforcement officers. In State v. Wimberly, 498 So.2d 929 (Fla. 1986), the supreme court held that simple battery is a necessarily lesser included offense of battery of a law enforcement officer, and that even where the evidence is undisputed that the alleged victim is a law enforcement officer, the simple battery instruction must be given so as not to deprive the jury of its pardon power. See also Ferrell v. State, 544 So.2d 336 (Fla. 1st DCA 1989); Wyche v. State, 573 So.2d 953 (Fla. 2d DCA 1991); Crapps v. State, 566 So.2d 62 (Fla. 5th DCA 1990).
The state concedes that Wimberly and its progeny control this case, but requests that the court certify to the supreme court the question of whether a failure to instruct on a necessarily lesser included offense may be deemed harmless where the element unique to the greater offense is not in dispute. We see no need to certify such a question. A trial court’s failure to instruct on the necessarily lesser included offense of simple battery would amount to a directed verdict for the state on an essential element of the charged offense, that the victim was a law enforcement officer. Clearly, this is prohibited. Wimberly clearly answers the question posed in the negative.
Because we must reverse the judgment of conviction and remand for a new trial, we do not consider whether the court erred in sentencing Williams as a habitual felony offender.
REVERSED AND REMANDED.
BARFIELD and MINER, JJ., concur.