718 So.2d 308 (1998)
Timothy OVERWAY, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3077.
District Court of Appeal of Florida, Fifth District.
September 11, 1998.
*309 James B. Gibson, Public Defender, and Andrea J. Surette, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
Timothy Overway (defendant) appeals his judgments and sentences entered by the trial court after a jury found him guilty of two counts of felony child abuse.[1] We reverse defendant's conviction on count I because the trial court erred in denying defendant's request for a jury instruction on the permissive lesser included offense of misdemeanor child abuse.[2] Furthermore, this case must be remanded for correction of defendant's sentence on count II because the written sentencing order fails to comport with the trial court's oral pronouncement.[3] *310 The state filed an information alleging defendant committed two counts of felony aggravated child abuse against his five-year-old stepson. Count I alleged that defendant "did intentionally touch or strike [the child] ... and intentionally or knowingly caused great bodily harm, permanent disability or permanent disfigurement or in the course of said battery did use a deadly weapon." § 827.03(1)(a), Fla. Stat. (1995). Count II alleged defendant "maliciously punish[ed]" the child. § 827.03(1)(c), Fla. Stat. (1995). At trial, the state presented evidence that defendant seriously injured his stepson when he struck him in the abdomen, and that he burned the child's hand by holding it under running hot water. The state did not present evidence that defendant used a deadly weapon. Defendant requested a jury instruction on the crime of misdemeanor child abuse as defined in section 827.04(2), Florida Statutes (1995), contending the misdemeanor crime was either a necessarily or permissive lesser included offense of the felony crimes charged. The trial court denied the request and instructed the jury only on the crimes charged. The jury found defendant guilty as charged. The trial court entered judgments on the jury's verdict and then sentenced defendant to a term of twelve years' imprisonment on count I and a consecutive term of ten years' probation on count II. Defendant appeals, arguing the trial court erred in denying his request for a jury instruction on the crime of misdemeanor child abuse because misdemeanor child abuse was a lesser included offense of both of the felony crimes charged.
A necessarily lesser included offense is one in which "the burden of proof of the major crime cannot be discharged, without proving the lesser crime as an essential link in the chain of evidence." Brown v. State, 206 So.2d 377, 382 (Fla.1968). Stated another way, a crime "is a necessarily lesser included offense if, based on the statutes themselves, a defendant cannot possibly avoid committing the offense when the other crime in question is perpetrated." Brown v. State, 608 So.2d 114, 116 (Fla. 1st DCA 1992) (citing State v. Weller, 590 So.2d 923, 925 (Fla.1991)). A permissive lesser included offense is a crime which may or may not be lesser included depending upon the pleading and the evidence presented at trial. See Amado v. State, 585 So.2d 282 (Fla. 1991). "In other words, on the face of the statutes, the two offenses appear to be separate, but the facts alleged in the accusatory pleadings are such that the lesser offense cannot help but be perpetrated once the greater offense has been." Weller, 590 So.2d at 925 n. 2.
When a defendant requests an instruction on a necessarily lesser included offense, the trial court is obligated to grant the request even if there was no trial evidence to support such a jury verdict. See Thompson v. State, 487 So.2d 311, 312 (Fla. 5th DCA), rev. denied, 494 So.2d 1153 (Fla. 1986). In contrast, when a defendant requests an instruction on a permissive lesser included offense the trial court is required to grant the request only if: (a) the accusatory pleading specifically alleged all the statutory elements of the lesser offense; and (b) a finding of guilt on the offense would be supported by the evidence submitted at trial. See State v. Wimberly, 498 So.2d 929, 931 (Fla. 1986).
In this case, defendant requested a jury instruction on the crime of misdemeanor child abuse which is defined as:
827.04 Child abuse.-
* * * * * *
(2) Whoever, willfully or by culpable negligence, deprives a child of, or allows a child to be deprived of, necessary food, clothing, shelter, or medical treatment, or who knowingly or by culpable negligence, inflicts or permits the infliction of physical or mental injury to the child....
§ 827.04(2), Fla. Stat. (1995). In count I, defendant was charged with aggravated child abuse by aggravated battery:
827.03 Aggravated child abuse.-
(1) `Aggravated child abuse' is defined as one or more acts committed by a person who:
(a) Commits aggravated battery on a child;
§ 827.03(1)(a), Fla. Stat. (1995). Aggravated battery is defined as:
784.045 Aggravated battery.-

*311 (1)(a) A person commits aggravated battery who, in committing battery:
1. Intentionally or knowingly causes great bodily harm, permanent disability or permanent disfigurement; or
2. Uses a deadly weapon.
§ 784.045(1)(a)1-2, Fla. Stat. (1995). Battery is defined as:
784.03 Battery.-
(1) A person commits battery if he:
(a) Actually and intentionally touches or strikes another person against the will of the other; or
(b) Intentionally causes bodily harm to an individual.
§ 784.03(1)(a)-(b), Fla. Stat. (1995). Review of these statutory definitions reveals that the crime of misdemeanor child abuse is not a necessarily lesser included offense of aggravated child abuse by aggravated battery because a defendant can commit the crime of aggravated child abuse but "avoid committing" the crime of misdemeanor child abuse. See Brown, 608 So.2d at 116. For example, touching a child with a deadly weapon constitutes aggravated child abuse but it does not necessarily constitute misdemeanor child abuse.
However, under the facts of this case, the crime of misdemeanor child abuse was a permissive lesser included offense to the charge of aggravated child abuse by aggravated battery because (1) all of the elements of the misdemeanor offense were alleged in the information filed against defendant, and (2) the trial evidence would support a finding of guilt on the charge of misdemeanor child abuse. Therefore, the trial court erred in denying defendant's request for an instruction on misdemeanor child abuse with regard to count I. See Amado, 585 So.2d at 283; see also Wimberly, 498 So.2d at 932.[4]
In count II, the defendant was charged with aggravated child abuse by malicious punishment:
827.03 Aggravated child abuse.-
(1) "Aggravated child abuse" is defined as one or more acts committed by a person who:
* * * * * *
(c) Maliciously punishes a child.
§ 827.03(1)(c), Fla. Stat. (1995). Review of these statutory elements reveals that the trial court properly concluded that misdemeanor child abuse is not a necessarily lesser included offense of aggravated child abuse by malicious punishment because, "based on the statutes themselves" a defendant can "avoid committing" the offense of misdemeanor child abuse by maliciously punishing a child without inflicting injury upon the child. See Brown, 608 So.2d at 116. The trial court also properly determined that misdemeanor child abuse was not a permissive lesser included offense of aggravated child abuse by malicious punishment as applied to the facts in this case because count II of the information did not allege the statutory elements of the misdemeanor offense. See Wimberly, 498 So.2d at 931.
In closing, we note that the trial court entered a written sentencing order imposing a 10-year term of probation with the condition that defendant is to have "no unsupervised contact with any child under the age of 18." However, the record reveals that when the trial court orally pronounced this sentence *312 the court stated that defendant is to have "no unsupervised contact with any child under the age of 16." The trial court's oral pronouncement governs when there is a conflict with the written sentencing order. See Brown v. State, 206 So.2d 377, 382 (Fla.1968). Therefore, we must remand this matter to the trial court for correction of defendant's written sentencing order of probation for count II.
Accordingly, we reverse defendant's judgment and sentence on count I and remand for a new trial on that charge. We affirm defendant's judgment on count II but vacate his sentence and remand with instructions to correct defendant's written sentencing order to state that defendant is to have "no unsupervised contact with any child under the age of 16."
AFFIRMED in part; REVERSED in part; and REMANDED.
GRIFFIN, C.J., and GOSHORN, J., concur.
NOTES
[1] § 827.03, Fla. Stat. (1995).
[2] § 827.04(2), Fla. Stat. (1995).
[3] Defendant's other claims of error are without merit. See State v. Craft, 685 So.2d 1292, 1293 (Fla.1996); see also Gibson v. State, 691 So.2d 544, 545 (Fla. 2d DCA 1997); Kama v. State, 507 So.2d 154, 156 (Fla. 1st DCA 1987); § 921.6012(2), Fla. Stat. (Supp.1996); § 921.0016(1)(b), Fla. Stat. (1995).
[4] The state argues that the trial court's failure to instruct on the permissive lesser included offense of misdemeanor child abuse was harmless because the crime of misdemeanor child abuse is two steps removed from the crime of felony child abuse. To support this argument the state cites to State v. Abreau, 363 So.2d 1063, 1064 (Fla. 1978), wherein our supreme court held that when a jury is instructed on the next immediate lesser included offense, it is harmless error not to instruct on an offense two steps removed from the crime charged. Id. The basis of this ruling "was the desire to preserve the jury's pardon power." State v. Bruns, 429 So.2d 307, 309 (Fla.1983). However, the harmless error test announced in Abreau does not apply in cases where the jury was not instructed on the next lesser offense because "the jury was not able to exercise its inherent `pardon' power by returning a verdict of guilty as to the next lower crime." Bruns, 429 So.2d at 310. Here, the jury was only instructed on the crime of aggravated child abuse. As a result, the trial court's failure to instruct as to misdemeanor child abuse cannot be considered harmless because "it is impossible to determine whether the jury, if given the opportunity, would have `pardoned' the defendant to the extent of convicting him on [the next lesser crime]." Abreau, 363 So.2d at 1064.