CAMPBELL, Acting Chief Judge.
Appellant, convicted of battery on a law enforcement officer, challenges his conviction. Because we conclude that the court erred in refusing to instruct the jury on the necessarily lesser included offense of battery, we reverse.
In State v. Wimberly, 498 So.2d 929 (Fla. 1986), the Florida Supreme Court held that “[t]he trial judge has no discretion in whether to instruct the jury on a necessarily lesser included offense. Once the judge determines that the offense is a necessarily lesser included offense, an instruction must be given.” Id. at 932. Although the State maintains *398 that any error here was harmless because appellant did not deny committing the offense, the Wimberly court concluded that even in the absence of supporting evidence for the battery instruction, it was per se reversible error to refuse to give it.
Accordingly, we reverse appellant’s conviction and remand for a new trial.
THREADGILL and SALCINES, JJ„ Concur.