893 So.2d 683 (2005)
Joanne Lee BOLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-2853.
District Court of Appeal of Florida, Second District.
February 18, 2005.
*684 Laura Griffin, Ponte Vedra Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Chief Judge.
Joanne Lee Boland appeals a judgment and sentence for falsely reporting a capital felony to a law enforcement officer. We conclude that the trial court erred in failing to give an instruction on a necessarily lesser-included offense as requested by Ms. Boland. Accordingly, we reverse and remand for a new trial.
Ms. Boland called a deputy at the Lee County Sheriff's Office on September 4, 2002, and reported that a local doctor was molesting his own children. The children were quite young. If the reports had been correct, the doctor would have been guilty of capital felonies. See § 794.011(2)(a), Fla. Stat. (2002). The deputy treated the report seriously, and a full investigation ensued. During the investigation, it became clear that Ms. Boland suffered from serious psychological problems and that her report was false. As a result of this false report, the State charged Ms. Boland with knowingly giving false information about a capital felony to the deputy in violation of section 837.05(2), Florida Statutes (2002), a third-degree felony.
Ms. Boland's mental status was a major issue at all times during this prosecution. An expert who declared her competent to proceed shortly before trial changed his mind when he received additional information posttrial. Another expert retained following the trial described Ms. Boland as psychotic and suffering from periods of paranoid delusions. Nevertheless, Ms. Boland's counsel did not present an insanity defense. Rather, at trial the primary issue was whether Ms. Boland knew that she was making a false report.
During the charge conference, Ms. Boland requested that the court instruct the jury on the misdemeanor offense of "false report of commission of crimes" described in section 817.49, Florida Statutes (2002), asserting that this was a lesser-included offense of the offense described in section 837.05(2). The trial court denied the request.
The jury convicted Ms. Boland as charged. At the sentencing hearing, the trial court adjudicated Ms. Boland guilty of the charged offense and sentenced Ms. Boland to a true split sentence of twenty-one months' incarceration, fully suspended, and five years' probation.
In this appeal, Ms. Boland raises several issues. We find no merit in her argument that the trial court should have granted a judgment of acquittal. The State presented a prima facie case, and Ms. Boland did not present an insanity defense to the charge. See Fla. R.Crim. P. 3.216; Yohn v. State, 476 So.2d 123, 126 (Fla.1985) (recognizing rebuttable presumption that a defendant is sane until there is evidence of insanity sufficient to present a reasonable doubt of sanity in the minds of the jurors). Of the remaining issues presented, we conclude the dispositive issue concerns the failure of the trial court to instruct on a lesser offense.

*685 Ms. Boland was charged with a violation of section 837.05(2). That statute is included in the chapter addressing the topic of perjury and is entitled "False reports to law enforcement authorities." It states:
(2) Whoever knowingly gives false information to a law enforcement officer concerning the alleged commission of a capital felony, commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
This offense is a relatively new crime, having been created by the legislature in 1997. See ch. 97-90, § 5, Laws of Fla. Prior to 1997, section 837.05 contained only one subsection, which was similar to the current subsection 837.05(1). That subsection now provides:
(1) Except as provided in subsection (2), whoever knowingly gives false information to any law enforcement officer concerning the alleged commission of any crime, commits a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
Subsection 837.05(1) establishes an offense that is virtually identical to the offense defined in section 817.49. That offense, which is included in the chapter addressing the topic of fraudulent practices, states:
Whoever willfully imparts, conveys or causes to be imparted or conveyed to any law enforcement officer false information or reports concerning the alleged commission of any crime under the laws of this state, knowing such information or report to be false, in that no such crime had actually been committed, shall upon conviction thereof be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
Perhaps the only difference between the misdemeanor offenses described in section 837.05(1) and section 817.49 is that the latter would appear to permit a conviction for indirectly providing false information to a police officer, while the former might be interpreted as requiring the defendant to directly give the information to the officer.
At the charge conference, the trial court was prepared for the issue of lesser-included offenses. The trial judge had examined the Schedule of Lesser Included Offenses that is published with the Florida Standard Jury Instructions in Criminal Cases. He correctly observed that the schedule announced that the offense in section 837.05 had no lesser offenses. As a result, defense counsel was unable to convince the trial court to provide an instruction on a lesser offense. Unfortunately, the published schedule was last amended in July 1998. It refers only to section "837.05" without distinguishing between subsections (1) and (2). The schedule clearly had not been updated to address the amendment to section 837.05 that created the third-degree felony offense with which Ms. Boland was charged.[1]
In Overway v. State, 718 So.2d 308 (Fla. 5th DCA 1998), Judge Antoon provided a succinct overview of the applicable law concerning instructions on lesser offenses:
A necessarily lesser included offense is one in which "the burden of proof of the major crime cannot be discharged, without proving the lesser crime as an essential link in the chain of evidence." Brown v. State, 206 So.2d 377, 382 (Fla. *686 1968). Stated another way, a crime "is a necessarily lesser included offense if, based on the statutes themselves, a defendant cannot possibly avoid committing the offense when the other crime in question is perpetrated." Brown v. State, 608 So.2d 114, 116 (Fla. 1st DCA 1992) (citing State v. Weller, 590 So.2d 923, 925 (Fla.1991)). A permissive lesser included offense is a crime which may or may not be lesser included depending upon the pleading and the evidence presented at trial. See Amado v. State, 585 So.2d 282 (Fla.1991). "In other words, on the face of the statutes, the two offenses appear to be separate, but the facts alleged in the accusatory pleadings are such that the lesser offense cannot help but be perpetrated once the greater offense has been." Weller, 590 So.2d at 925 n. 2.
When a defendant requests an instruction on a necessarily lesser included offense, the trial court is obligated to grant the request even if there was no trial evidence to support such a jury verdict. See Thompson v. State, 487 So.2d 311, 312 (Fla. 5th DCA), rev. denied, 494 So.2d 1153 (Fla.1986). In contrast, when a defendant requests an instruction on a permissive lesser included offense the trial court is required to grant the request only if: (a) the accusatory pleading specifically alleged all the statutory elements of the lesser offense; and (b) a finding of guilt on the offense would be supported by the evidence submitted at trial. See State v. Wimberly, 498 So.2d 929, 931 (Fla.1986).
718 So.2d at 310.
We conclude that the first-degree misdemeanors described in sections 817.49 and 837.05(1) are necessarily lesser-included offenses of the third-degree felony offense described by section 837.05(2). One who knowingly provides false information to a police officer regarding a capital felony, as described in section 837.05(2), has necessarily committed the crime of knowingly giving false information to a police officer "concerning the alleged commission of any crime," see § 837.05(1), and has "willfully impart[ed] ... to [a] law enforcement officer false information... concerning the alleged commission of any crime ... knowing such information or report to be false," see § 817.49.
Failure to give a requested instruction on a category one lesser-included offense when it is only one step removed from the offense charged is per se reversible error, not subject to harmless error analysis. See State v. Abreau, 363 So.2d 1063 (Fla.1978); Lomax v. State, 345 So.2d 719 (Fla.1977). In this case, it is likely that the error would be reversible even if it were subjected to a harmless error analysis. We therefore reverse Ms. Boland's conviction and remand for a new trial at which the trial court must give instructions on the lesser-included offense described either in section 817.49 or section 837.05(1).
Ms. Boland also challenges the trial court's instruction regarding the elements of the offense proscribed by section 837.05(2). As noted above, there is no standard instruction on subsection 837.05(2). Ms. Boland argues that the defendant must have actual knowledge that the falsely reported offense is classified by the legislature as a capital offense. She takes issue with the trial court's instructions, which did not require the jury to make this finding.
We are inclined to believe that the person falsely reporting the crime need only know that he or she is falsely reporting the elements of an offense, which happens to be classified by the legislature as a capital offense. We do not believe that the person must know that the reported offense is categorized by the legislature as a capital felony. Cf. Bowen v. State, 791 *687 So.2d 44, 52 (Fla. 2d DCA 2001) (noting that because statute provided different degrees of punishment for accessory after the fact based upon severity of underlying crime, conviction required defendant charged as accessory know significant elements of crime committed). Thus, although the trial court may have been able to draft a better instruction than the one that was given, it did not err in refusing to give the instruction requested by Ms. Boland. We emphasize, however, that this issue is not dispositive in this case. We provide these observations only to assist the trial court in drafting instructions on remand. It might be helpful if the Florida Supreme Court Committee on Standard Jury Instructions in Criminal Cases provided standard instructions for the offenses in section 837.05 and amended the schedule of lesser offenses to reflect the two degrees of this crime.
Because the trial court denied Ms. Boland's request to instruct the jury on a necessarily lesser-included offense that was one step removed from the offense charged, we reverse and remand for a new trial.
Reversed and remanded.
NORTHCUTT and CANADY, JJ., Concur.
NOTES
[1] Interestingly, there is a standard jury instruction for section 817.49, but no standard instruction for either offense contained in section 837.05. See Fla. Std. Jury Instr. (Crim.) 21.4 (entitled "False Reports of Commissions of Crime"). In the schedule of lesser offenses, however, there is a reference only to section 837.05 and no reference to section 817.49.