DAMOORGIAN, J.
 

 Marc Benayer timely appeals his judgments of conviction and sentences stemming from a shooting at Chabad Weltman Temple in Boca Raton, Florida. Benayer was charged with first-degree murder with a firearm, four counts of aggravated assault with a firearm, and one count of shooting into a building. A jury trial ensued which resulted in the jury finding Benayer guilty of first-degree murder, one count of aggravated assault with a firearm, three counts of improper exhibition of a firearm (as a lesser included offense of aggravated assault with a firearm), and one count of discharging a firearm in public (as a lesser included offense of shooting into a building).
 

 On appeal, Benayer raises a number of issues, including whether the trial court erred in finding him competent to stand trial and to represent himself; the assignment of error to certain comments made by the trial court, the State, and one of the
 
 *861
 
 State’s witnesses during the trial; and the trial court’s denial of his motion for mistrial after a witness testified that Benayer had tried to kill him. We find no error as to any of these issues and write to address only the trial court’s statements during jury selection.
 

 During jury selection, the trial court asked members of the jury panel whether they would “promise” to convict Benayer if the State proved the charges beyond a reasonable doubt:
 

 THE COURT: If at the end of the case, you are convinced beyond a reasonable doubt, and you know exactly what that is because I gave you the definition, well then you find him guilty.
 

 THE COURT: At the end of this case, you’re convinced beyond a reasonable doubt will you promise me you’ll find him guilty?
 

 PROSPECTIVE JUROR GALIN: Yes. THE COURT: If you’re not, will you promise me you’ll find him not guilty? PROSPECTIVE JUROR GALIN: Yes.
 

 The trial court continued this line of questioning with several other prospective jurors, and overruled Benayer’s objection to the questions.
 

 Benayer argues that the trial court’s questions invaded the jury’s pardon power to convict him of a lesser included offense.
 
 See, e.g., State v. Wimberly,
 
 498 So.2d 929, 932 (Fla.1986) (recognizing the jury’s pardon power). We disagree. The trial court properly instructed the jury on the lesser included offenses for the charges against Benayer, so the jury was made aware of its option to convict of one of the lesser included offenses. In fact, on several of the charges, the jury found Benayer guilty of one of the lesser included offenses instead of the charged offense. The trial court did not invade the jury’s pardon power by asking the jurors whether they would follow the law and find the appellant guilty if they were convinced beyond a reasonable doubt.
 

 Affirmed.
 

 FARMER and LEVINE, JJ., concur.