666 So.2d 562 (1995)
STATE of Florida, Appellant,
v.
Steve GUTHRIE, Appellee.
No. 94-03721.
District Court of Appeal of Florida, Second District.
December 29, 1995.
Earl Moreland, State Attorney, and Peter J. Lombardo, Assistant State Attorney, Bradenton, for Appellant.
James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellee.
BLUE, Judge.
The State of Florida appeals the circuit court's order granting Steve Guthrie's motion to suppress statements. The state contends the circuit court erred in finding that Guthrie's signed invocation of rights form prevented the use of Guthrie's confession obtained by police-initiated interrogation while Guthrie was in custody on unrelated charges. We affirm the circuit court's ruling because invocation of the constitutional right to counsel bars uncounseled interrogation during continuous custody unless initiated by the defendant.
On October 27, 1993, at approximately 12:30 a.m., Guthrie was arrested for grand theft auto and on an out-of-state warrant. At 8:00 a.m. on the same day, he was taken to a first appearance hearing where he signed an "Invocation of Constitutional Rights" which stated (in pertinent part):
The undersigned, having been advised that I have been arrested and charged with a delinquent act/crime, do hereby invoke my RIGHT TO REMAIN SILENT under the 5th Amendment to the United States Constitution and Article I, Section 9 of the Florida Constitution.
Furthermore, I do hereby invoke my RIGHT TO COUNSEL guaranteed by Article I, Section 16 of the Florida Constitution; Rule 3.130, Florida Rules of Criminal Procedure; and the 5th and 6th Amendments to the United States Constitution, as interpreted by the United States Supreme Court in Miranda v. Arizona, 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602 (1966); Edwards v. Arizona, 451 U.S. 477, 68 L.Ed.2d 378, 101 S.Ct. 1880 (1981); and McNeil v. Wisconsin, 501 U.S. 171, 115 L.Ed.2d 158, 111 S.Ct. 2204 (1991).
By invocation of my 5th Amendment RIGHT TO COUNSEL, under the Miranda and Edwards decisions, I intend this to be an absolute expression of my desire for the assistance of an attorney in dealing with any custodial interrogation by the police about this arrest or any other *563 crime or criminal activity under investigation.
Therefore, I demand that no local, State or Federal police or prosecution personnel (including jail inmates acting at the request or direction of such personnel), attempt to engage me in any conversation whatsoever, concerning any crime or criminal activity, without first providing me an attorney and having that attorney present. This Invocation of Rights shall not be deemed to have been waived by me unless an attorney have been provided to me, either retained or appointed, and I execute a written waiver of these rights, signed by myself and my attorney. Anyone violating this INVOCATION OF CONSTITUTIONAL RIGHTS will be subject to legal action for sanctions and/or damages.
I further demand that the original of this Invocation of Rights be filed in the Court having jurisdiction of this cause and copies be served on all local, State and Federal law enforcement agencies, including the State Attorney's Office, with instructions that they have no contact with me unless my attorney is present.
Approximately seven hours later, two detectives came to the jail and asked to speak to Guthrie about allegations of sexual child abuse. Guthrie agreed to talk to the detectives. He was taken from the jail to the sheriff's office where he signed a waiver of Miranda rights and gave a statement admitting the allegations.
Subsequently, Guthrie filed a motion to suppress this confession based on the prior invocation of his federal and state constitutional rights, which the circuit court granted. We conclude that the circuit court's ruling properly followed the holdings of McNeil v. Wisconsin, 501 U.S. 171, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991); Arizona v. Roberson, 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988); Edwards v. Arizona, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); and Traylor v. State, 596 So.2d 957 (Fla. 1992) (once an accused invokes his Fifth Amendment right to counsel, police may not interrogate even as to unrelated charges until counsel has been made available, unless the accused initiates the contact).
We are aware that this ruling may conflict with Sapp v. State, 660 So.2d 1146 (Fla. 1st DCA 1995). Initially, we point out that Guthrie relies on provisions contained in the United States and Florida Constitutions. Sapp specifically made no state law claim. Sapp, 660 So.2d at 1150. As we understand the ruling in Sapp, the First District held that the Fifth Amendment right to counsel cannot be invoked until the state begins custodial interrogation. According to Sapp, any request to be represented by an attorney during questioning is ineffective if made prior to the reading of Miranda rights at the time law enforcement seeks to question the defendant. It appears the basis for this ruling is footnote 3 in McNeil, which we consider dicta. We cannot agree with the holding in Sapp because it seriously undermines the clearly established right to counsel during custodial interrogation under the Fifth Amendment to the United States Constitution. See Miranda.[1] A defendant, having declared in plain terms that he does not wish to be questioned without assistance of his attorney, could be removed from the jail, taken to an interrogation room without notice to counsel, and required again to insist on the right to counsel while facing alone the authority of the state.
The state's argument, that allowing the invocation of rights prior to interrogation would lead to invoking the right to counsel prior to arrest or even the commission of a crime, is without merit. Custodial interrogation triggers a defendant's right to counsel and there is no logical reason why the right to counsel could not be validly invoked upon the defendant being placed in custody. See Roberson, 486 U.S. at 687, 108 S.Ct. at 2101.
We affirm the circuit court's decision suppressing Guthrie's statements. To the extent that our decision conflicts with Sapp, we certify the conflict to the Florida Supreme Court.
THREADGILL, C.J., and DANAHY, J., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).