674 So.2d 916 (1996)
Samuel Brent FASON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-01437.
District Court of Appeal of Florida, Second District.
June 5, 1996.
Roger A. Alcott, Lakeland, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anne E. Sheer, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
A direct-filed information charged the sixteen-year-old appellant with armed robbery. The information was based on incriminating statements he had made to law enforcement officers after his arrest on another charge. He unsuccessfully moved to suppress these incriminating statements. He then pleaded nolo contendere reserving his right to appeal the issue and was sentenced to eight years' incarceration. He contends before us that his motion to suppress should have been granted because the police, interrogating him and eliciting the incriminating statements, violated his constitutional privilege against self-incrimination. He bases his contention on the fact that the police interrogated him in disregard of a Notification of Exercise of Rights form he had signed two days earlier at a first appearance hearing on the other charge. We agree with his contention and reverse.
The appellant was first arrested on a homicide charge. The Notification of Exercise of Rights form both he and his attorney signed at the first appearance hearing on the homicide charge was filed in open court. The form clearly stated that he did not consent to be interviewed by any agent of the state concerning the then pending charge in that case or any other case. The form further stated that he did not consent to be interviewed by any law enforcement officer, state attorney, or state investigator concerning any matter without the presence of his attorney.
Two days after filing this form two Bartow police officers came to the juvenile detention center where he was being held on the homicide charge and, without notice to the appellant's parents or his attorney, questioned him about an armed robbery. The appellant had *917 not initiated the contact. The officers read him his rights and he signed a form waiving them. He then made the incriminating statements to the officers which were the subject of his motion to suppress.
The dispositive events of this case, although the charges are different, cannot be legally distinguished from State v. Guthrie, 666 So.2d 562 (Fla. 2d DCA 1995). In Guthrie we held that the defendant's confession, obtained by police-initiated interrogation during uninterrupted custody on unrelated charges without counsel present and after an invocation of constitutional rights had been signed, was properly suppressed. The trial court in the instant case erred in not also suppressing the statements at issue here which were obtained in the same manner.
Because of its similar posture, like Guthrie, we certify conflict with Sapp v. State, 660 So.2d 1146 (Fla. 1st DCA 1995).
Reversed and remanded.
DANAHY, A.C.J., and FRANK and BLUE, JJ., concur.