687 So.2d 44 (1997)
Matthew CULLEN, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-704.
District Court of Appeal of Florida, Third District.
January 22, 1997.
*45 Clayton R. Kaeiser, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Sandra S. Jaggard, Miami, for appellee.
Before NESBITT, GODERICH and FLETCHER, JJ.
PER CURIAM.
Cullen appeals a judgment of conviction and sentence for attempted second degree murder, attempted armed robbery with a firearm, and burglary with an assault. His sole claim of error with respect to his conviction is that the lower court erred in denying his motion to suppress certain incriminating statements Cullen made to the police.
Cullen was arrested on a charge of carrying a concealed firearm on July 30, 1993. The public defender was appointed to represent him on that charge on August 1, 1993, at Cullen's first appearance. On August 9, 1993, Cullen filed a notice purporting to, among other things, invoke his right to counsel under the Fifth Amendment to the United States Constitution. Cullen's attorney entered a not guilty plea on the "firearm charge" at the August 20, 1993 arraignment on that charge.
While awaiting trial on the firearm charge, police officers took Cullen from the Metro Detention Center to the police station for questioning regarding the incidents involved in this case. Cullen waived his Miranda[1] rights and gave incriminating statements which were later the subject of a motion to suppress. The lower court denied the motion and ultimately adjudicated Cullen guilty pursuant to an adverse jury verdict.
The issue on appeal is whether Cullen effectively invoked his Fifth Amendment right to counsel in the firearm case so as to render invalid his subsequent waiver of Miranda rights in this case. This issue has been squarely addressed by the First and Second Districts, who have arrived at conflicting conclusions. In Sapp v. State, 660 So.2d 1146 (Fla. 1st DCA 1995), the court held that the Fifth Amendment right to counsel can not be invoked outside the context of custodial interrogation. The court based its holding on the United States Supreme Court's opinion in McNeil v. Wisconsin, 501 U.S. 171, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991), and a review of federal appeals court decisions following that case.
The Second District, on the other hand, in State v. Guthrie, 666 So.2d 562 (Fla. 2d DCA 1995), rev. granted, 677 So.2d 841 (Fla.1996), and more recently in Fason v. State, 674 So.2d 916 (Fla. 2d DCA 1996), specifically disagreed with Sapp and held that a defendant could invoke his Fifth Amendment right to counsel while he was in custody regardless of whether interrogation was taking, or about to take, place. The court attributed the basis of Sapp's holding to dicta in McNeil. Guthrie, 666 So.2d at 563.
Because we believe the First District's opinion correctly interprets McNeil, we follow it and affirm Cullen's conviction. Cullen, like the defendant in Sapp, attempted to invoke his Fifth Amendment right to counsel outside the context of custodial interrogation. That attempt was ineffective and the incriminating statements Cullen later made to the police regarding the events in this case were properly admitted at trial. We certify conflict with the Second District's previously mentioned opinions so as to pair this case for review with any review of those cases.
With respect to Cullen's sentence, the state correctly concedes that the trial court erred in sentencing Cullen to twenty-five years imprisonment for attempted armed robbery with a firearm. That offense is a second degree felony which is punishable by a maximum of fifteen years in prison. Allen v. State, 574 So.2d 1219 (Fla. 3d DCA 1991). Thus, we vacate the sentence as to that count and remand for resentencing.
Affirmed; sentence vacated and case remanded.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).