GRIMES, Judge.
Appellant was charged with sexual battery committed by threat of force or vio *637 lence likely to cause serious personal injury.[1] The jury was instructed on 1) the offense charged, 2) the attempt to commit the offense charged, and 3) sexual battery by force and violence not likely to cause serious personal injury.[2] He was convicted of the latter offense.
Appellant made a timely request for an instruction on the offenses of assault[3] and battery.[4] The court declined to charge or give a proposed jury verdict on either of these offenses. In DeLaine v. State, 262 So.2d 655 (Fla.1972), the supreme court stated that assault and battery and bare assault were lesser included offenses of the crime of rape. The crimes of assault and battery continue to be necessarily lesser included offenses under the new sexual battery statute. Therefore, it was error to refuse to charge on these offenses.
The failure to instruct on a necessarily lesser included offense when requested by the defendant cannot be harmless error. Lomax v. State, 345 So.2d 719 (Fla.1977); State v. Terry, 336 So.2d 65 (Fla.1976). Since appellant was convicted of the least serious offense upon which the jury was charged, the “two steps removed” rationale of DeLaine v. State, supra, is inapplicable.
The judgment and sentence must be reversed, and the case remanded for a new trial.
BOARDMAN, C. J., and HOBSON, J., concur.

. § 794.01 l(4)(b), Fla.Stat. (1973).

. § 794.011(5), Fla.Stat. (1975).

. § 784.011, Fla.Stat. (1975).

. § 784.03, Fla.Stat. (1975).