HOBSON, Acting Chief Judge.
Lonnie Davenport, who was charged with and tried for sexual battery using physical force and violence not likely to cause serious physical injury, a second degree felony,[1] seeks review of his judgment and sentence for attempted sexual battery, contending that the trial court erred by failing to instruct the jury as requested on the lesser-included offense of battery. We agree with his contention and therefore reverse and remand for a new trial.
At the charge conference during the trial, appellant’s trial attorney requested an instruction for battery, a first degree misdemeanor,[2] asserting that the evidence supported this lesser-included offense of sexual battery. However, the state objected, claiming that, under the evidence presented, attempted sexual battery, a third degree felony,[3] was the only appropriate lesser-included charge. Appellant’s attorney then specifically asked that the record reflect his objection to the court’s apparent refusal to give the instruction on battery. The court thereupon instructed the jury. The least serious offense upon which it instructed the jury was attempted sexual battery. At the conclusion of the instructions, the court asked counsel for both sides whether either wished to have any other instructions. Both responded in the negative. The jury thereafter found appellant guilty of attempted sexual battery. The court subsequently adjudicated him guilty and sentenced him to three years imprisonment.
Initially, we note that, notwithstanding the state’s argument to the contrary, appellant adequately preserved the jury instruction question for appellate review. See Spurlock v. State, 420 So.2d 875 (Fla.1982); Brown v. State, 206 So.2d 377 (Fla.1968); Fla.R.Crim.P. 3.390(d).
We believe that the offense of battery is a lesser included offense of the crime of sexual battery using physical force or violence not likely to cause serious physical injury. We have previously held that it is reversible error if a trial court refuses to give a requested instruction on battery in a prosecution for sexual battery using physical force or violence likely to cause serious personal injury. Brice v. State, 348 So.2d 636 (Fla. 2d DCA 1977). See also DeLaine v. State, 262 So.2d 655 (Fla.1972).
In the case at bar, appellant’s requested instruction on battery was but one step removed from the offense charged. Failure to instruct as requested on the next immediate lesser-included offense prevents the jury from exercising its “pardon” power and thus is error that is per se reversible. State v. Abreau, 363 So.2d 1063 (Fla.1978). An instruction on an attempt is not a “step” within the meaning of Abreau. State v. Bruns, 429 So.2d 307 (Fla.1983). Further, lesser included offenses and attempts are not interchangeable. Id. Therefore, the trial court’s refusal to instruct the jury as requested on battery, an appropriate lesser- *1354 included offense of sexual battery, was per se reversible error.
Accordingly, we reverse the judgment and sentence and remand the case for a new trial.
REVERSED and REMANDED.
SCHEB and RYDER, JJ., concur.

. See § 794.011(5), Fla.Stat. (1981).

. See § 784.03, Fla.Stat. (1981).

.See § 777.04(4)(c), Fla.Stat. (1981).