442 So.2d 955 (1983)
STATE of Florida, Petitioner,
v.
John HEATHCOAT, Respondent.
No. 63582.
Supreme Court of Florida.
December 15, 1983.
Jim Smith, Atty. Gen. and Michael J. Kotler, Asst. Atty. Gen., Tampa, for petitioner.
Jerry Hill, Public Defender and L.S. Alperstein, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for respondent.
SHAW, Judge.
This cause is before the Court on petition to review Heathcoat v. State, 430 So.2d 945 (Fla. 2d DCA 1983), in which the district court certified a question to be one of great public importance. We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution.
The respondent, John Heathcoat, was charged with burglary, robbery, aggravated battery, and aggravated assault by information filed in the Circuit Court of Pasco County, Florida. He entered a plea of not guilty to all charges and demanded a trial by jury.
During a conference on instructions the following exchange occurred:

*956 THE COURT: What do you want on the record as your objections to instructions as given?
MR. SCOTT: At this time, I would request for Heathcoat, the instruction on intoxication on the following grounds: That all four counts of the information are specific intent crimes.
The evidence from the victim, Vera Batton, testified or it was read from the deposition in impeachment, that my client was highly intoxicated, that she had never seen him this intoxicated before.
She also testified that she had known John for some period of time and had specifically socialized with he and his girl friend, and I will quote from Page 7, beginning at Line 11, of her deposition, which I had to use for impeachment:
"Had you ever seen John before intoxicated?
"Answer: I have seen  I have saw him drinking, but I have never seem him that intoxicated well to that degree. I saw him drink a beer."
Therefore, with the introduction of intoxication, I would request that instruction.
THE COURT: Let's take care of that, Bob.
MR. CUDONE: Basically, the same argument we interposed before, that being that he is trying to introduce deposition testimony on direct testimony, then on cross, then again on redirect... .
Defense counsel failed to object to the judge's denial of the requested instruction. The jury found respondent guilty as charged on all counts. The Second District Court of Appeal reversed the conviction and certified the following question to be one of great public importance within the meaning of Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v):
WHETHER THE DENIAL OF A SPECIFIC REQUEST FOR A JURY INSTRUCTION ON THE DEFENSE OF INTOXICATION IS PRESERVED FOR APPELLATE REVIEW WITHOUT ANY FURTHER OBJECTION TO THE DENIAL.
Heathcoat, 430 So.2d at 948.
In order to answer the certified question we are called upon to review Florida Rule of Criminal Procedure 3.390(d) which reads:
(d) No party may assign as error grounds of appeal the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection. Opportunity shall be given to make the objection out of the presence of the jury.
The state argues that the rule is clear upon its face and that in order for a defendant to preserve a jury instruction issue, he must object to the court's refusal to give the requested instruction by indicating dissatisfaction with the denial of his request. Our recent decisions in Spurlock v. State, 420 So.2d 875 (Fla. 1982) and Thomas v. State, 419 So.2d 634 (Fla. 1982), reflected our concern with such a clinical analysis of the rule. In those two cases we pointed out that the objectives of the contemporaneous objection rule are to "apprise the trial judge of the putative error and to preserve the issue for intelligent review on appeal." 419 So.2d at 636 (quoting Castor v. State, 365 So.2d 701, 703 (Fla. 1978)). These objectives are accomplished when the record shows clearly and unambiguously that a request was made for a specific instruction and that the trial court clearly understood the request and just as clearly denied the request.
In Hubbard v. State, 411 So.2d 1312 (Fla. 1st DCA 1981), appeal dismissed, 424 So.2d 761 (Fla. 1982), the First District Court of Appeal correctly observed that
[t]he primary thrust of the rule is to insure that the trial judge is made aware that an objection is being made and that the grounds therefor are enunciated. We do not believe that the rule was intended to approve or disapprove a special word formula; we will not exalt form over substance by requiring that counsel use the magic words, "I object," so long *957 as it is clear that the trial judge was fully aware that an objection had been made, that the specific grounds for the objection were presented to the judge, and that the judge was given a clear opportunity to rule upon the objection.
Id. at 1314.
The record before us reflects that it was made clear to the judge that the respondent intended to rely upon the defense of voluntary intoxication to a crime requiring specific intent and that the evidence warranted an instruction on the defense of intoxication. The record also reflects that there was a timely request for such an instruction, that the judge fully understood the reasons for and the nature of the request, and that with full understanding, he denied the request. Further objection would have been pointless. The certified question is answered in the affirmative and the opinion of the district court is approved.[*]
It is so ordered.
ADKINS, BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.
ALDERMAN, C.J., concurs specially with an opinion, with which BOYD, J., concurs.
ALDERMAN, Chief Judge, concurring specially.
I concur that, under the particular facts of this case, Heathcoat did preserve for appeal the issue of the alleged error committed by the trial court in failing to give the requested instruction. Here the trial court expressly asked what counsel wanted recorded as objections to the instructions and counsel responded that he wanted the instruction on intoxication given and stated with specificity the basis for the requested instruction.
In Thomas v. State, 419 So.2d 634 (Fla. 1982), we stated that to satisfy the objection requirements of Florida Rule of Criminal Procedure 3.390(d), in order to preserve the failure of the trial court to give an instruction as grounds for appeal, it is not necessary to use the magic words "I object." It is not sufficient, however, to simply request that an instruction be given and then remain silent when the request is denied. As the majority points out, the record must clearly show that the trial judge was fully aware that an objection had been made, that the specific grounds for the objection were presented to the judge, and that the judge was given a clear opportunity to rule on the objection.
BOYD, J., concurs.
NOTES
[*] Not at issue and not disturbed is the district court's reversal based on the erroneous curtailment of defense counsel's cross-examination of Detective Phillips.