HARRIS, Judge.
Marcos Hicks was convicted of kidnapping, robbery, and two counts of sexual battery with a deadly weapon. The only issue on appeal that we believe merits discussion is the court’s failure to give a necessarily included lesser offense instruction.
The information charged (in relation to the sexual battery counts) that Hicks “in the process thereof used or threatened to use a deadly weapon, to wit: A KNIFE.” The victim testified that indeed a knife was displayed throughout the incident and that at some point she was cut on the hand when she tried to move the knife away from her.
The defendant asked for a jury instruction on the necessarily included lesser offense of sexual assault “without the use of a deadly weapon.” Apparently, defense counsel was referring to section 794.-011(4)(b):
*15 A person who commits sexual battery ... is guilty of a felony of the first degree ...
b. When the offender coerces the victim to submit by threatening to use force or violence likely to cause serious personal injury on the victim, and the victim reasonably believes that the offender has the present ability to execute the threat.
Because the court found that the information alleged use of a deadly weapon as opposed to use of “actual physical force,” it refused to give the instruction.
The first question is whether section 794.011(4)(b) is a necessarily included lesser offense under section 794.011(3) when the charge (and proof) is the use, or threatened use, of a deadly weapon as opposed to the use of actual physical force. We adopt the reasoning of the court in Shaara v. State, 581 So.2d 1339, 1343 (Fla. 1st DCA 1991):
We hold that Shaara’s convictions for sexual battery with a deadly weapon under section 794.011(3) necessarily determined the essential statutory elements of sexual battery by threats to use force likely to cause serious personal injury under section 794.011(4)(b) ...[.] We recognize that the Florida Standard Jury Instructions in Criminal Cases 290 (1989) indicate that sexual battery with serious threat of force (a section 794.011(4) offense) is a category two lesser-included offense of sexual battery with a deadly weapon (a section 794.011(3) offense). However, it is apparent from a comparison of the statutory elements of each offense that proof of the statutory elements of a section 794.011(3) sexual battery offense necessarily carries with it proof of the essential statutory elements of a section 794.011(4)(b) sexual battery as an essential link in the chain of evidence.
We hold, therefore, that the requested instruction did indeed pertain to a necessarily included , lesser offense.
The State urges that even if the instruction should have been given, the error was not preserved for appellate review because the defense failed to object prior to the jury retiring to consider its verdict.
The State relies on Rule 3.390(d), Rules of Criminal Procedure:
No party may assign as error grounds of appeal the giving or failure to give an instruction unless he objects thereto before the jury retires to consider its verdict ...[.]
Apparently this rule remains applicable even to instructions relating to necessarily included lesser offenses although Harris v. State, 438 So.2d 787 (Fla.1983), cert. denied, 466 U.S. 963, 104 S.Ct. 2181, 80 L.Ed.2d 563 (1984), Jones v. State, 484 So.2d 577 (Fla.1986), and Reed v. State, 560 So.2d 203 (Fla.1990) raise some doubts.
In Harris the court held:
In Brown v. State [206 So.2d 377 (Fla.1968) ], this Court construed an existing statute and held that “a trial judge is required to instruct on necessarily included offenses because the law, particularly § 919.16, requires it.” [Footnote and citation omitted.] This Court has consistently held that, upon a proper request, a trial judge must give jury instructions on necessarily included lesser offenses, that a refusal of such a request constitutes fundamental error when properly preserved for appeal by timely objection under Florida Rule of Criminal Procedure 3.390(d), and that the harmless error rule does not apply.[1] [Citations omitted.]
Harris, 438 So.2d at 796.
The Harris court went further:
Our decisions holding that a defendant is entitled to have the jury instructed on all necessarily included lesser offenses are consistent with the holdings of the federal courts.... This procedural right to have instructions on necessarily included lesser offenses given to the jury does not mean, however, that a defendant may not waive his right just as he may expressly waive his right to a jury trial.
*16 [Citations omitted.] But, for an effective waiver, there must be more than just a request from counsel that these instructions not be given. We conclude that there must be an express waiver of the right to these instructions by the defendant, and the record must reflect that it was knowingly and intelligently made. [Emphasis added.]
Hams, 438 So.2d at 796-97.
Therefore, the right to such instruction, at least in a capital case, cannot be waived even by an express waiver of counsel without the knowing and intelligent joinder by the defendant. Certainly, therefore, in capital cases, it cannot be waived merely by counsel’s failing to object that his or her requested instruction was not given.
The holding in Harris, which was a capital case, was somewhat modified in Jones, a noncapital case, and in Reed, a capital case also involving noncapital charges.
The Jones court held:
While we acknowledged in Harris the fundamentality of the right to such instructions to due process in the capital context, we here decline to apply that case’s requirement of an express personal waiver outside of the context in which it was found necessary. [Emphasis added.]
Jones, 484 So.2d at 579.
Two observations should be noted as to what the Jones court did not hold. One, the court did not hold that the “fundamen-tality” of the right to such instructions did not apply also to noncapital cases, only that the defendant’s personal waiver would not be required. Two, the requirement of an express waiver by counsel seems to be an assumed requirement even in noncapital cases. All Jones held was that in noncapi-tal cases, particularly under the facts of Jones, there was no reason “to carve out an exception to the general principle that a client is bound by the acts of his attorney performed within the scope of the latter’s authority.” Jones, 484 So.2d at 579. In both Harris and Jones, the attorneys expressly waived the instructions on necessarily included lesser offenses as a matter of trial strategy.
In Reed, the supreme court discussed its previous rulings in Harris and Jones:
In Harris v. State [citation omitted], we held that it was necessary for the defendant knowingly and intelligently to waive the instructions on the necessarily lesser included offenses to first-degree murder. However, in Jones v. State [citation omitted], we held that counsel could waive the instructions on necessarily lesser included offenses to noncapital crimes without a showing that the defendant had knowingly and intelligently joined in the decision. [Emphasis added.]
Reed, 560 So.2d at 206.
The Reed court then held that the trial court did not err in failing to require the defendant’s personal waiver of the right to have the jury instructed on the necessarily included lesser offenses of the noncapital charges. Although not clear from the Reed opinion, it appears that defense counsel did expressly waive the instruction.
An analysis of these cases seems to show that a defendant’s right to have the law on necessarily included lesser offenses properly instructed is so great that he must expressly waive such right in capital cases and that his attorney must expressly waive it even in noncapital cases.
Alas, such an interpretation would be in error.
In McKinney v. State, 579 So.2d 80 (Fla.1991), the supreme court stated:
McKinney next argues that the court erred when it failed to instruct on the lesser-included offense_ However, the trial court’s failure to instruct on the lesser-included offense ... is not preserved for review unless the trial counsel objects to the instruction given. [Citations omitted.] McKinney's failure to request the instruction ... and his failure to object to the trial court’s failure to include it procedurally bar review of this claim.
McKinney, 579 So.2d at 83-84.
It appears, then, in the final analysis, that the burden is on the defendant to *17 see that appropriate necessarily included lesser offenses are presented for jury consideration. In noncapital cases, not only is the defendant bound by his attorney’s express waiver based on trial strategy, but is also bound by such attorney’s negligent waiver by failing to properly object when the court fails to give the proper instruction.
Even so, Rule 3.390(d) has been satisfied in this case.
Our supreme court in State v. Heathcoat, 442 So.2d 955 (Fla.1983), quoted with approval the holding in Hubbard v. State, 411 So.2d 1312, 1314 (Fla. 1st DCA 1981), rev. dismissed, 424 So.2d 761 (Fla.1982):
The primary thrust of the rule is to insure that the trial judge is made aware that an objection is being made and that the grounds therefor are enunciated. We do not believe that the rule was intended to approve or disapprove a special word formula; we will not exalt form over substance by requiring that counsel use the magic words, “I object,” so long as it is clear that the trial judge was fully aware that an objection had been made, that the specific grounds for the objection were presented to the judge, and that the judge was given a clear opportunity to rule upon the objection.
Heathcoat, 442 So.2d at 956-57.
The Heathcoat court adopted this principle and held:
The record before us reflects ... that the evidence warranted an instruction on the defense of intoxication. The record also reflects that there was a timely request for such an instruction, that the judge fully understood the reasons for and the nature of the request, and that with full understanding, he denied the request. Further objection would have been pointless.
Id. at 957.
We find from the discussion in the record that the judge clearly stated his intention not to give the requested charge and that further objection would have been pointless.
We therefore hold that the court erred in not giving the instruction on the necessarily included lesser offense contained in section 794.011(4)(b). The case is remanded to the trial court for further proceedings. The State may elect to retry the defendant on the original sexual battery charges or accept conviction on the lesser section 794.-011(4)(b) charges and proceed to resentenc-ing. See Smith v. State, 340 So.2d 1216 (Fla. 4th DCA 1976).
REVERSED and REMANDED for further proceedings consistent with this opinion.
GOSHORN, C.J., and THOMPSON, J., concur.

. This statement is somewhat confusing. If it is fundamental error, why must an objection be made; if proper objection is made, why is it significant that the error is fundamental?