932 So.2d 408 (2006)
Larry Wayne BRYANT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-3173.
District Court of Appeal of Florida, Second District.
April 21, 2006.
*409 James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Tonja Rene Vickers, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Larry Wayne Bryant appeals from his conviction for battery on a person sixty-five years of age or older. He alleges that the trial court erred by failing to instruct the jury on the lesser-included offense of battery. We agree and reverse Mr. Bryant's conviction and remand for a new trial.
The facts of this case are not in dispute. On May 29, 2004, Mr. Bryant was involved in a series of altercations with a sixty-five-year-old woman while both parties were guests at a beach motel in Pinellas County. During the jury trial charge conference, defense counsel requested an instruction on the lesser-included offense of simple battery, but the trial court denied that request. Defense counsel posed no objection to the court's denial. Before the jury retired to deliberate, the court inquired whether either the State or the defense objected to the instructions as given, and defense counsel stated that he "re-urged" all the objections he had previously made. The jury found Mr. Bryant guilty of the charge of battery on a person sixty-five *410 years of age or older, and Mr. Bryant was sentenced to 27.3 months' imprisonment. The issue on appeal is whether the trial court's failure to instruct the jury on the lesser-included offense of simple battery constitutes reversible error.
Battery is a category one lesser-included offense when the offense charged is battery on a person sixty-five years of age or older. Fla. Std. Jury Instr. (Crim.) 8.16 (1997). According to State v. Abreau, 363 So.2d 1063, 1064 (Fla.1978), failure to give a requested jury instruction on a necessarily lesser-included offense is per se reversible error. This principle is prefaced on the jury's right to exercise its "pardon power" and applies regardless of the degree of proof or record evidence supporting conviction for the greater offense. State v. Wimberly, 498 So.2d 929, 932 (Fla.1986). Therefore, regardless of the fact that the age of the victim was not in dispute in this case, the trial court erred by failing to instruct the jury on simple battery.
The State argues that even if the trial court did err, such error was harmless because the jury had the opportunity to exercise its pardon power by acquitting Mr. Bryant. However, this court has specifically held that failure to instruct on a category one lesser-included offense is not subject to harmless error analysis. Boland v. State, 893 So.2d 683, 686 (Fla. 2d DCA 2005) (citing Wimberly, 498 So.2d at 932). This court has also noted that while it would prefer to be able to find such error harmless, Wimberly controls and therefore failure to instruct on a lesser-included offense mandates a reversal of the conviction and remand for a new trial. Wyche v. State, 573 So.2d 953, 955 (Fla. 2d DCA 1991), quashed on other grounds, 619 So.2d 231 (Fla.1993).
The State also argues that, even if the trial court did err in instructing the jury, the issue was not properly preserved for appeal because defense counsel failed to object to the instructions as given. While objections with regard to jury instructions are subject to the contemporaneous objection rule, State v. Delva, 575 So.2d 643, 644-45 (Fla.1991), the objectives of this rule are satisfied "when the record shows clearly and unambiguously that a request was made for a specific instruction and that the trial court clearly understood the request and just as clearly denied the request." State v. Heathcoat, 442 So.2d 955, 956 (Fla.1983). This court, as well as other Florida courts, has repeatedly applied this rule to hold that the issue of failure to instruct on a lesser-included offense was properly preserved once the instruction was requested, regardless of counsel's failure to object either after the request was denied or after the instructions were given. See, e.g., Flint v. State, 463 So.2d 554, 556 (Fla. 2d DCA 1985). In this case, defense counsel properly preserved the issue for appeal by requesting an instruction on the lesser-included offense of battery despite the fact that counsel arguably did not specifically protest the trial court's denial of that request.
Therefore, we reverse Mr. Bryant's conviction for battery on a person sixty-five years of age or older and remand this matter for a new trial.
FULMER, C.J., and WALLACE, J., Concur.