948 So.2d 1024 (2007)
James HIGGS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-1193.
District Court of Appeal of Florida, Second District.
February 23, 2007.
James Marion Moorman, Public Defender, and Judith Ellis, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
LaROSE, Judge.
James Higgs appeals his convictions for fleeing to elude at high speed with lights and siren activated (count one), driving while license revoked (count two), reckless driving (count three), and driving with an altered temporary tag (count four). The trial court sentenced Mr. Higgs to five *1025 years in prison, concurrent, on counts one and two and to time served on counts three and four. Mr. Higgs argues that the trial court erred in refusing to instruct the jury, on count one, on the permissive lesser included offense of reckless driving. We affirm.
The State argues that Mr. Higgs did not preserve the issue for review. According to the State, he abandoned his request for the instruction. The denial of a jury instruction request is preserved "where the record clearly show[s] that defense counsel requested a specific instruction and the trial court `clearly understood the request and just as clearly denied the request.'" Carpenter v. State, 785 So.2d 1182, 1199 (Fla.2001) (quoting State v. Heathcoat, 442 So.2d 955, 955-56 (Fla. 1983)); Austin v. State, 406 So.2d 1128, 1132 (Fla. 4th DCA 1981). Our record reflects that Mr. Higgs requested a reckless driving instruction for count one and the trial court unequivocally denied the request. Accordingly, the issue is preserved for our review.
Addressing the merits of Mr. Higgs' claim, we note that
[a] permissive lesser included offense is an offense that may or may not be included in the offense charged depending on the pleadings and the evidence. . . .
. . . .
An instruction on a permissive lesser included offense must be given when the pleadings and evidence demonstrate that the lesser offense is included in the charged offense.
Russ v. State, 612 So.2d 688, 689 (Fla. 2d DCA 1993) (citing Amado v. State, 585 So.2d 282 (Fla.1991)); see also Fla. R.Crim. P. 3.510(b).[1] The pleadings and the evidence adduced at trial supported the requested instruction. Nevertheless, the trial court's refusal to give the instruction does not compel reversal.
In addition to an instruction on the charged offense, see § 316.1935(3)(a), Fla. Stat. (1995), the trial court instructed the jury on the category one included lesser offenses of (1) fleeing to elude a law enforcement officer with lights and siren (§ 316.1935(2)) and (2) fleeing to elude a law enforcement officer (§ 316.1935(1)). See In re Standard Jury Instructions-Criminal Cases (99-1), 765 So.2d 692, 704 (Fla.2000); Fla. Std. Jury Inst. (Crim.); Schedule of Lesser Included Offenses. Reckless driving is three steps removed from the charged offense; the trial court gave instructions on lesser included offenses just one step removed. Because the jury declined to exercise its pardon power by convicting Mr. Higgs of a violation of section 316.1935(2) or section 316.1935(1), the trial court's refusal to give the requested instruction is harmless. See State v. Abreau, 363 So.2d 1063, 1064 (Fla. 1978); Fernandez v. State, 570 So.2d 1008, 1011 (Fla. 2d DCA 1990); Sherrer v. State, 898 So.2d 260, 261-62 (Fla. 1st DCA 2005).
Affirmed.
CANADY, J., and THREADGILL, EDWARD F., Senior Judge, concur.
NOTES
[1] Rule 3.510. On an indictment or information on which the defendant is to be tried for any offense the jury may convict the defendant of:

. . . .
(b) any offense that as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the indictment or information and is supported by the evidence. The judge shall not instruct on any lesser included offense as to which there is no evidence.