BLACK, Judge.
Francis Wong challenges his convictions and sentences for two counts of lewd or lascivious molestation' against a victim less than twelve years of age, three counts of lewd or lascivious molestation against a victim between twelve and sixteen years of age, and one count of lewd or lascivious battery against a victim less than sixteen years of age. Wong raises two issues on appeal. Wong asserts that the trial court fundamentally erred in admitting the Williams[1] rule testimony of four other minor victims. We find no error in this regard and make no further comment as to this argument. Wong also argues that the trial court erred in denying his request to instruct the jury as to the permissive lesser included offense of committing an unnatural and lascivious act. Because the trial court did not explicitly deny the re-; quest and defense counsel otherwise failed to object contemporaneously as the law requires, the issue was not preserved for review. We affirm.
Defense' counsel did' not file any proposed juiy instructions, and it is apparent from the transcript of the charge conference" that defense counsel had no intention of requesting an instruction on any lesser included offenses prior to the conference. After receiving some guidance from the State and reviewing the instructions book, defense counsel stumbled upon the instruction for committing an unnatural and lascivious act, a permissive lesser (category two) offense of lewd or lascivious battery and lewd or lascivious molestation. See Fla. Std. Jury Instr. (Crim.) 11.10(b), (c).[2] The following exchange transpired:
*1124 Defense counsel: Your Honor, I don’t know if the State’s in agreement with me on this, category two of a lesser is committing natural — unnatural and lascivious act. I think the evidence does support a lesser of this charge. Defendant is charged, the act was unnatural and lascivious, and unnatural means not in accordance with nature or with normal feelings of behavior, and lascivious, we’ve got the same as lascivious. I would ask for this instruction also to be given as a lesser.
Court: I don’t have to give a lesser for category two.
Defense counsel: I understand. I’m asking you. I’m pleading.
Unlike an instruction on a necessary or category one lesser which must be given upon request even if unsupported by the evidence, an instruction on a permissive lesser is only given when supported by the pleadings and evidence. See Boland v. State, 893 So.2d 683, 686 (Fla. 2d DCA 2005). In that regard, “[t]he trial court is given the discretion to ‘analyze the information or indictment and the proof to determine if elements of category [two] crimes may have been alleged and proved.’ ” Cooper v. State, 512 So.2d 1071, 1072 (Fla. 1st DCA 1987) (quoting State v. Wimberly, 498 So.2d 929, 931 (Fla.1986)). Nonetheless, the law is clear that for counsel to be exempt from making a contemporaneous objection in order to preserve for review the failure to give a requested jury instruction the trial court must have unequivocally denied the request for the instruction. See Bryant v. State, 932 So.2d 408, 410 (Fla. 2d DCA 2006) (“[T]he objectives of [the contemporaneous objection] rule are satisfied ‘when the record shows clearly and unambiguously that a request was made for a specific instruction and that the trial court clearly understood the request and just as dearly denied the request.’ ” (emphasis added) (quoting State v. Heathcoat, 442 So.2d 955, 956 (Fla.1983))). In this case, though counsel arguably, but weakly, requested an instruction for committing an unnatural and lascivious act, the trial court did not rule on the request and thus counsel was not exempt from making a contemporaneous objection.
Taken in context, when defense counsel stated, “I understand,” the most logical interpretation is that he acknowledged and agreed with the court’s general statement of law that instructing the jury on category two lessers is not mandatory. We know this to be the case because defense counsel continued, “I’m asking you. I’m pleading.” Defense counsel obviously understood that there was no ruling by the court to this point because he continued to ask and even “plead” to the court for a favorable ruling. Drawing any other conclusion from the record would be impermissible speculation into the undisclosed mental processes of defense counsel. There was no further discussion of the matter, there was no ruling by the court on the request, and there was no contemporaneous objection.[3] *1125 Further, defense counsel did not object either before the instructions were given or after.
In Thomas v. State, 419 So.2d 634, 636 (Fla.1982), the Florida Supreme Court held that since counsel requested a special instruction and the court clearly denied it, counsel was not required to object thereafter to preserve the issue for review. However, in the footnote that immediately follows this holding the supreme court clarified that a specific objection would be required if the court failed to explicitly rule on the request and instead simply did not give the requested instruction, a factual scenario that mirrors this case. See id. at 636 n. * (“A different situation would arise if the court were to .instruct on penalties, but not give the specific instruction submitted by the defense. In that , instance, the contemporaneous objection rule would require a specific objection.”). Likewise, the United States Supreme Court has explained that “the settled rule of Florida procedure that, in order to preserve an objection, a party must object after the trial judge has instructed the jury ... is subject to a limited exception for an advance request for a specific jury instruction that is explicitly denied.” Sochor v. Florida, 504 U.S. 527, 534 n. *, 112 S.Ct. 2114, 119 L.Ed.2d 326 (1992) (emphasis added) (citations omitted). As such, absent an explicit denial, which is not present here, defense counsel was required to object to preserve the issue for review. See Watson v. State, 651 So.2d 1159, 1164 (Fla.1994) (“[T]o preserve an objection, the party must object after the jury has been instructed, unless the party’s previous request for a specific jury instruction was denied.” (citing Sochor, 504 U.S. at 534, 112 S.Ct. 2114)); cf. Higgs v. State, 948 So.2d 1024, 1025 (Fla. 2d DCA 2007) (dismissing the State’s assertion that the defendant abandoned his request for the jury instruction on the permissive lesser included offense and holding that the instruction issue was preserved for review because the “record reflects that Mr. Higgs requested a reckless driving instruction for count one and the trial court unequivocally denied the request” (emphasis added)); Henig v. State, 820 So.2d 1037, 1039-40 (Fla. 4th DCA 2002) (dismissing the State’s assertion that the defendant waived a charge on the lesser included offense where defense counsel made the request and “[t]he trial court made it clear at that time that it was denying the requested instruction”).
Although the dissent focuses primarily on the adequacy of the request, the adequacy of the request itself has no bearing on our holding.[4] Instead, it is defense counsel’s failure to object in the absence of an explicit ruling on the request that results in waiver. In that regard, the dissent asserts that
the trial judge’s statement of his mistaken belief that he had the discretion to refuse to instruct the jury on category two, permissive lesser included offenses — coupled with his peremptory di *1126 rection of the discussion to unrelated matters — was the equivalent of declaration that he was exercising his assumed discretion to decline to instruct on category two lesser included offenses by declining to give defense counsel’s requested instruction.
However, the standard is not whether the court implicitly denied the request or whether it can be inferred that the request was denied. Rather, the standard is whether the trial court clearly, explicitly, and unequivocally denied the request. See Sochor, 504 U.S. at 534 n. *, 112 S.Ct. 2114; Bryant, 932 So.2d at 410; see also Watson, 651 So.2d at 1164 (citing Sochor, 504 U.S. at 534, 112 S.Ct. 2114); Higgs, 948 So.2d at 1025. That an inference or equivalency must be drawn from various statements and actions belies a conclusion that the ruling was clear, explicit, and unequivocal so as to exempt counsel from objecting in order to preserve the issue. See Black’s Law Dictionary 307 (10th ed. 2014) (defining “clear” to mean “[f]ree from doubt” and “[u]nambigous”); Black’s Law Dictionary 700 (10th ed. 2014) (defining “explicit” to mean “direct,” “exact,” and “[e]xpressed without ambiguity or vagueness”); Black’s Law Dictionary 1760 (10th ed. 2014) (defining “unequivocal” to mean “[unambiguous; clear; free from uncertainty”). The dissent contends that further objection by defense counsel at this juncture would have been futile. Since there was no ruling on the request, and certainly not an explicit one, we do not agree. Cf. Heathcoat, 442 So.2d at 957 (“The record also reflects that there was a timely request for such an instruction, that the judge fully understood the reasons for and the nature of the request,' and that with full understanding, he denied the request. Further objection would have been pointless.”); Hicks v. State, 622 So.2d 14, 17 (Fla. 5th DCA 1993) (“We find from the discussion in the record that the judge clearly stated his intention not to give, the requested charge and that further objection would have been pointless.”).
As to defense counsel’s statement, “I understand,” in response to the court’s Statement of law regarding permissive lessers, the dissent presumes that defense counsel “meant only that he understood that the trial court had so ruled and was going to decline to give the requested instruction; it did not indicate agreement with the proposition' stated.” .However, this interpretation ignores the context of the exchange. Certainly if counsel believed that the court had ruled upon the matter, he would not continue to ask and plead for the court to grant his request. Nonetheless, the dissent agrees that after counsel continues to plead to the court, the court does “not address the jury instruction request.” Thus- there was no clear and unequivocal denial.
“The salient purpose of the rule of contemporaneous objection is to place the trial judge bn notice that error may have been committed and [to] provide the court with an opportunity to correct the error at that time.” Daniels v. State, 121 So.3d 409, 417 (Fla.2013). Defense .counsel’s words, failed to serve this salient purpose.
Therefore, since the trial court did not rule on the request and defense counsel did not object to the court’s failure to give the instruction, the issue was not preserved for review.
Affirmed.
SLEET, J., Concurs.
WALLACE, J., Concurs in part; dissents in part.

. Williams v. State, 117 So.2d 473 (Fla.1960).

. We note that unnatural and lascivious act follows attempt, assault, and battery on the schedule of category two lessers for lewd or lascivious battery and lewd or lascivious molestation. See Fla, Std. Jury Instr. (Crim.) 11.10(b), (c). Thus,'the dissent's citation to Moore v. State, 932 So.2d 524, 527 (Fla. 4th DCA 2006), which holds that ''[i]t is reversible error for a trial court to deny a requested instruction on the next lesser-included offense of the one charged, even if it is category two, *1124 it the charging instrument and the evidence admitted would support a conviction on the next lesser offense,” is inapposite. Further, though the court's failure to instruct the jury on a lesser included offense several steps removed from the crime for which the defendant was charged may not be harmless error, see Horn v. State, 120 So.3d 1, 3 (Fla. 1st DCA 2012), it is unnecessary to consider whether the error is harmless in this case because the jury instruction issue was not preserved.

. The dissent surmises that "[djefense counsel might have been more prepared for the charge conference, but he knew better than that.” However, defense counsel demonstrated his lack of preparation at other times during the trial. For example, at the close of the State's case, the court inquired if counsel had any requests, to which counsel responded: "You mean like a motion for summary judgment?” Given that this is a criminal proceeding, the court corrected counsel, instructing *1125 him that such a request is appropriately .referred to as a motion for judgment of acquittal. Counsel brushed it off as a joke, despite the serious nature of the charges his client faced, and then proceeded to concede that the State had proven a prima facie case. Then, without presenting any argument, counsel moved for a new trial; this occurred again at the close of the defense’s case. Moreover, nothing in the transcript or record reflects any other basis for the statement that counsel ' 'knew better than that. ”

. We note that the State does not argue that -the request itself was insufficient. Rather, the State argues that the exchange between the trial court and defense counsel during the charge conference did not satisfy the contemporaneous objection rule because counsel failed to obtain a ruling or object.