# Supreme Court of Florida

_____

No. SC15-2192
_____

**FRANCIS WONG,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[March 2, 2017]

LEWIS, J.

Petitioner Francis Wong seeks review of the decision of the Second District

Court of Appeal in Wong v. State, 184 So. 3d 1122 (Fla. 2d DCA 2015), on the

basis that it expressly and directly conflicts with the decision of this Court in State

v. Heathcoat, 442 So. 2d 955 (Fla. 1983), on a question of law.[1]  We have

---

1.  Wong also contends that the decision below was in conflict with the decisions of other district courts in Calhoun v. State, 721 So. 2d 1180 (Fla. 1st DCA 1998), Gainer v. State, 633 So. 2d 480 (Fla. 1st DCA 1994), Hubbard v. State, 411 So. 2d 1312 (Fla. 1st DCA 1981), dismissed, 424 So. 2d 761 (Fla. 1982), and LeRetilley v. Harris, 354 So. 2d 1213 (Fla. 4th DCA 1978).  In light of conflict with our decision in Heathcoat, 442 So. 2d 955, we need not address whether conflict exists with these decisions.

jurisdiction.  See art. V, § 3(b)(3), Fla. Const.  Further, we accepted jurisdiction.

Wong v. State, No. SC15-2192, 2016 WL 934487, *1 (Fla. Mar. 9, 2016).  We

now quash the decision below.

## FACTUAL AND PROCEDURAL BACKGROUND

Wong was convicted of two counts of lewd or lascivious molestation against

a victim less than twelve years of age, § 800.04(5)(b), Fla. Stat., three counts of

lewd or lascivious molestation against a victim between twelve and sixteen years

of age, § 800.04(5)(c)(2), Fla. Stat., and one count of lewd or lascivious battery

against a victim less than sixteen years of age, § 800.04(4)(b), Fla. Stat.  With

regard to the five lewd or lascivious molestation counts, the final amended

information filed alleged that Wong "did intentionally touch in a lewd or lascivious

manner the genitals and/or genital area" of each of three victims—P.C., C.C., and

S.N.—over the course of differing time periods from 2000 to 2011.[2]  In addition,

with regard to a lewd or lascivious battery count involving S.N., the information

alleged Wong "plac[ed] the victim's penis in his mouth . . . ."

_____

2.  Aside from section 800.04(5)(b) reclassifying the offense as a life felony in 2005, see ch. 2005-28, § 5, Laws of Fla.; ch. 2008-182, § 3, Laws of Fla., the three statutes Wong was charged with violating did not change throughout the relevant time periods.

During trial, each victim testified that Wong had at least once grabbed or rubbed the victim's penis, making skin-to-skin contact for at least ten seconds. In addition, S.N. testified that Wong placed S.N.'s penis in his mouth.

On the second day of trial, November 20, 2013, the trial court conducted the only jury charge conference of the case. During this conference, the following exchange between the Court and the attorneys occurred:

[State:] Are you asking for any lessers?

[Defense Counsel:] Let me look at them.

[State:] There aren't any category one.

[Defense Counsel:] No.

[State:] There's cat two lessers, but I don't have my book out in front of me what they are.

The Court: These are the witnesses that were supposed to be here this morning?

[Defense Counsel:] Yes, Your Honor. [Wong's sister] cannot make it. She's in the hospital.

The Court: Okay.

[State:] I just found this out today.

The Court: Only. Here's the verdict form. The verdict.

[State:] Okay.

The Court: If you find the defendant guilty as charged in the information or not guilty, if you return a verdict of guilty, it should be proven beyond a reasonable doubt. If you find no offense has been

proven beyond a reasonable doubt or—only one verdict may be returned.

[State:]  May I approach?

The Court:  Yes.

[State:]  I'll grab yours, [defense counsel.]

[Defense Counsel:]  Your Honor, I'm looking at 11.8, committing unnatural act and lascivious act.  11.8.  I don't know if [the State] has a copy of that.

[State:]  Of the category two?

The Court:  Here's weighing the evidence.

[State:]  May I approach?

The Court:  Yeah.  How much time do you think you need for closing?

[Defense Counsel:]  45 minutes to an hour.

[State:]  We would go probably on the low side of that total.  If he wants 45, we'll take 45.

The Court:  30 and 15?  Something like that?

[State:]  We can do that.

[Defense Counsel:]  She gets 30, I get 15?  I'm just kidding.

Your Honor, I don't know if the State's in agreement with me on this, category two of a lesser is committing natural—unnatural and lascivious act.  I think the evidence does support a lesser of this charge.  Defendant is charged, the act was unnatural and lascivious, and unnatural means not in accordance with nature or with normal feelings of behavior, and lascivious, we've got the same as lascivious. I would ask for this instruction also to be given as a lesser.

- 4 -

<u>The Court:  I don't have to give a lesser for category two.</u>

[Defense Counsel:]  I understand.  I'm asking you.  I'm pleading.

The Court:  I'm going to give your witnesses until 4 o'clock. I've been waiting for 25 minutes now.

[Defense Counsel:]  May I go make a phone call?

(Emphasis added.)  The exchange then transitioned to a discussion concerning some of the defense's upcoming witnesses and limiting their testimony insofar as it concerned character.  No further discussion occurred with regard to the jury instructions.  The defense eventually rested and the trial court went into recess until the next morning.  During the third and final day of trial, the State and defense presented closing remarks.

Following closing remarks, the trial court instructed the jury.  The judge did <u>not</u> instruct the jury with regard to the offense of unnatural and lascivious act.  <u>See</u> § 800.02, Fla. Stat. ("A person who commits any unnatural and lascivious act with another person commits a misdemeanor of the second degree . . . .").[3]  The copy of instructions that went into the jury room also did <u>not</u> contain such instructions. Wong did not reassert his objection to the lack of the requested instructions at that time.

_____

3.  Section 800.02 has remained the same at all relevant times.

After deliberating, the jury found Wong guilty of all six counts. In so finding, the jury returned a special verdict form in which it specifically found that Wong touched the genitals or genital area of each victim with regard to each count and that Wong did "encourage, force or entice the penis of S.N. to penetrate the defendant's mouth." The trial court ultimately sentenced Wong to life imprisonment for both counts involving a victim under the age of twelve years old and fifteen years' imprisonment for each of the other counts.

On appeal before the Second District, Wong challenged the trial court's failure to include the jury instructions he had requested for each count pertaining to the lesser included offense of unnatural and lascivious act. Wong, 184 So. 3d at 1123. The State contended that Wong failed to preserve his claim for appeal. Specifically, the State asserted that the exchange between the trial court and defense counsel during the charge conference was insufficient to satisfy the contemporaneous objection rule because counsel failed to obtain a specific ruling or object further. Id. at 1125 n.4.

The Second District affirmed. Id. at 1126. The district court held that Wong failed to preserve his claim for appeal because "the trial court did not rule on the request and defense counsel did not object to the court's failure to give the instruction." Id. It further explained that "the standard is whether the trial court clearly, explicitly, and unequivocally denied the request." Id. Judge Wallace,

however, concluded that Wong's request and the trial court's response were sufficient to preserve the issue for appeal without a subsequent objection. Id. at 1133 (Wallace, J., concurring in part, dissenting in part). Judge Wallace further noted that if the issue was preserved for appeal, the State conceded that the trial court erred in failing to include such instructions for each charge. Id. at 1128, 1133. Wong petitioned for review in this Court, and this review follows.

## ANALYSIS

Where the facts are undisputed, whether an issue is properly preserved for appellate review is a question of law that this Court reviews de novo. See Aills v. Boemi, 29 So. 3d 1105, 1108 (Fla. 2010). Requests for jury instructions in a criminal trial are governed by section 918.10, Florida Statutes, which provides:

918.10 Charge to jury; request for instructions.—

(1) At the conclusion of argument of counsel, the court shall charge the jury. The charge shall be only on the law of the case and must include the penalty for the offense for which the accused is being charged.

(2) All charges to the jury shall be delivered orally and shall be taken by the court reporter, transcribed, and filed.

(3) At or after the close of the evidence, a party may file written requests that the court instruct the jury on the law as stated in the requests. The court shall inform counsel of its proposed action on the requests before their arguments to the jury.

§ 918.10, Fla. Stat. (2013).  Florida Rule of Criminal Procedure 3.390(d)

specifically governs the preservation of claims for appellate review with regard to

jury instructions:

> (d)  Objections.  No party may raise on appeal the giving or failure to give an instruction unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of the objection.  Opportunity shall be given to make the objection out of the presence of the jury.

Fla. R. Crim. P. 3.390(d).  This rule has been the subject of many cases, including

Heathcoat, 442 So. 2d 955.

In Heathcoat, defense counsel requested a jury instruction on the defense of

intoxication and explained the grounds for the request:

> THE COURT:  What do you want on the record as your objections to instructions as given?

> [DEFENSE COUNSEL:]  At this time, I would request for Heathcoat, the instruction on intoxication on the following grounds: That all four counts of the information are specific intent crimes.

> The evidence from the victim, Vera Batton, testified or it was read from the deposition in impeachment, that my client was highly intoxicated, that she had never seen him this intoxicated before.

> She also testified that she had known John for some period of time and had specifically socialized with he and his girl friend, and I will quote from Page 7, beginning at Line 11, of her deposition, which I had to use for impeachment:

> "Had you ever seen John before intoxicated?

"Answer:  I have seen—I have saw him drinking, but I have never seem him that intoxicated well to that degree.  I saw him drink a beer."

Therefore, with the introduction of intoxication, I would request that instruction.

THE COURT:  Let's take care of that, Bob.

[STATE:]  Basically, the same argument we interposed before, that being that he is trying to introduce deposition testimony on direct testimony, then on cross, then again on redirect. . . .

Id. at 956.  Ultimately, the jury was not instructed with the requested instruction. Without quoting the judge's denial, we simply noted that "[d]efense counsel failed to object to the judge's denial of the requested instruction."  Id.

Against those facts, we held that a further objection was not required by either rule 3.390(d) or other precedent because the objectives of the contemporaneous objection rule "are accomplished when the record shows clearly and unambiguously that a request was made for a specific instruction and that the trial court clearly understood the request and just as clearly denied the request." Id.  We further explained that "there was a timely request for [an intoxication defense jury] instruction, the judge fully understood the reasons for and nature of the instruction, and that with full understanding, he denied the request."  Id. at 957.

We fully agree with Wong that the decision below is in conflict with Heathcoat—holding that a similar request for instructions was insufficient for preservation purposes.  Specifically, trial counsel requested a category two

- 9 -

permissive lesser included offense instruction, specifically referring the trial court

and the State to Florida Standard Jury Instructions (Criminal) 11.8, Unnatural and

Lascivious Act.[4]  Next, trial counsel explained that the charging document and

evidence supported the giving of the instruction:

> [Defense Counsel:]  Your Honor, I'm looking at 11.8, committing unnatural act and lascivious act.  11.8.  I don't know if [the State] has a copy of that.
>
> . . . .
>
> [Defense Counsel:] . . .
>
> Your Honor, I don't know if the State's in agreement with me on this, category two of a lesser is committing natural – unnatural and lascivious act.  I think the evidence does support a lesser of this charge.  Defendant is charged, the act was unnatural and lascivious, and unnatural means not in accordance with nature or with normal feelings of behavior, and lascivious, we've got the same as lascivious. I would ask for this instruction also to be given as a lesser.

The trial court immediately responded, "I don't have to give a lesser for category

two."  Ultimately, the trial court did <u>not</u> include the requested instructions in its

instructions to the jury and defense counsel did not voice further objection.

---

4. With regard to standard jury instructions, an oral request on the record is sufficient for purposes of preservation.  <u>See</u> <u>Holley v. State</u>, 423 So. 2d 562, 564 (Fla. 1st DCA 1982) ("We hold, however, that the requirement of <u>written</u> jury instructions is inapplicable when a Florida standard jury instruction is requested on the record."); <u>see also</u> <u>Pieczynski v. State</u>, 516 So. 2d 1048, 1050 (Fla. 3d DCA 1987) (citing <u>Holley</u>, 423 So. 2d 562).

We would conclude that the trial court "clearly understood [Wong's] position, and further argument or objection would have been futile." Thomas v. State, 419 So. 2d 634, 636 (Fla. 1982). Indeed, in this case, further argument and objection that occurred immediately after the trial court's declaration were futile, as the judge simply changed the subject:

> [Defense Counsel:] I understand. I'm asking you. I'm pleading.
>
> The Court: I'm going to give your witnesses until 4 o'clock. I've been waiting for 25 minutes now.

Following that exchange and the trial court's subsequent failure to give the requested instruction, we do not agree that the trial court's statement, "I don't have to give a lesser for category two," in response to the request and the subsequent failure to instruct were not a clear denial of a specific request.

Nevertheless, the decision below held that Wong failed to preserve his jury instruction request for appellate review. In so holding, the district court quoted the correct language for the standard, "[T]he objectives of [the contemporaneous objection] rule are satisfied 'when the record shows clearly and unambiguously that a request was made for a specific instruction and that the trial court clearly understood the request and just as clearly denied the request.' " Wong, 184 So. 3d at 1124 (alterations in original) (quoting Bryant v. State, 932 So. 2d 408, 410 (Fla. 2d DCA 2006)). However, in application, the decision below departed from that standard by imposing a higher standard. Specifically, the district court held that

- 11 -

the issue was not preserved because the trial court failed to make an <u>explicit</u> ruling and Wong failed to subsequently further object.  <u>See</u> <u>id.</u> at 1125-26 ("Although the dissent focuses primarily on the adequacy of the request, the adequacy of the request itself has no bearing on our holding.  Instead, it is defense counsel's failure to object in the absence of an explicit ruling on the request that results in waiver. . . .  Rather, the standard is whether the trial court clearly, explicitly, and unequivocally denied the request.").

Not only did the higher standard imposed by the district court in this case conflict with <u>Heathcoat</u>, but it was contrary to nearly uniform Florida precedent. <u>See</u> <u>Spurlock v. State</u>, 420 So. 2d 875, 877 (Fla. 1982) ("The trial judge was aware of petitioner's objection regarding jury instructions and had an opportunity to rule thereon.  The missing 'magic words' do not concern us because the necessary substance was present."); <u>Thomas</u>, 419 So. 2d at 636 ("[I]t is not necessary to say, 'I object,' and state the grounds therefor where the record shows, clearly and unambiguously, that the request was made and that the trial court clearly understood the request and, just as clearly, denied that specific request."); <u>Bryant</u>, 932 So. 2d at 410 (holding request preserved "despite the fact that counsel arguably did not specifically protest the trial court's denial of that request"); <u>Henig v. State</u>, 820 So. 2d 1037, 1039-40 (Fla. 4th DCA 2002); <u>Rodriguez v. State</u>, 789 So. 2d 513, 514 (Fla. 5th DCA 2001); <u>Gainer</u>, 633 So. 2d at 481; <u>Rigdon v. State</u>,

- 12 -

621 So. 2d 475, 478 (Fla. 4th DCA 1993); Fernandez v. State, 570 So. 2d 1008, 1010 (Fla. 2d DCA 1990); Flint v. State, 463 So. 2d 554, 555-56 (Fla. 2d DCA 1985); Hubbard, 411 So. 2d at 1314-15.[5]

Our research yielded just one case in which a jury instruction request for a lesser included offense was not preserved, Walker v. State, 473 So. 2d 694, 697-98 (Fla. 1st DCA 1985). There, the First District concluded that defense counsel's request was insufficient and defense counsel failed to object when the jury was instructed. See id. Defense counsel referenced verdict forms, but not specific jury instructions:

> DEFENSE COUNSEL: All right. The other thing I wanted to ask the Court was on your verdict forms on your lesser included, I would ask

---

5. See also Floyd v. State, 850 So. 2d 383, 400 (Fla. 2002); Franqui v. State, 804 So. 2d 1185, 1195-96 (Fla. 2001); Higgs v. State, 948 So. 2d 1024, 1025 (Fla. 2d DCA 2007); Arthur v. State, 717 So. 2d 193, 194 (Fla. 5th DCA 1998); Holland v. State, 634 So. 2d 813, 816 (Fla. 1st DCA 1994); Hicks v. State, 622 So. 2d 14, 17 (Fla. 5th DCA 1993); Hewitt v. State, 575 So. 2d 273, 274 (Fla. 4th DCA 1991); De Parias v. State, 562 So. 2d 434, 435 (Fla. 3d DCA 1990); cf. Carpenter v. State, 785 So. 2d 1182, 1199 (Fla. 2001) (significant charge conference discussion); Davenport v. State, 429 So. 2d 1352, 1353 (Fla. 2d DCA 1983) ("Appellant's attorney then specifically asked that the record reflect his objection to the court's apparent refusal to give the instruction on battery."); Rivers v. State, 425 So. 2d 101, 103-05 (Fla. 1st DCA 1982) (comparing specificity of various requests for instructions throughout proceedings, but ultimately finding request marginally preserved despite ineptness of language). But cf. Marquard v. State, 850 So. 2d 417, 433 (Fla. 2002) (holding challenge to instruction not preserved in context of ineffective assistance of appellate counsel where trial court sustained objection to certain instructions during charge conference, trial court later read the instructions anyway, and trial counsel failed to object to trial court's breach of charge conference agreement).

- 13 -

the Court to include also the lesser included on Page 101 of the improper exhibition of a weapon and verdict form—or the lesser included on 102, discharging a firearm in public.

THE COURT: I'm not going to give them. Anything further gentlemen? Any specific instructions?

Id. at 698. The First District concluded that "[d]efense counsel's comments were, at best, a request for an instruction, and did not constitute an objection to the court's failure to give the requested instruction. Certainly such comments did not satisfy the requirement that counsel state distinctly the matter to which he objects and the grounds of his objection." Id. Although we believe the First District may have reached the correct result in Walker because it concerned a request for a verdict form rather than a jury instruction, we disapprove of any extraneous discussion in Walker to the extent that it conflicts with this opinion.

Finally, we also address two of the reasons the district court and the State asserted in support of their respective positions. First, the district court suggested that counsel's response to the trial court's ruling indicates the trial court failed to make a ruling:

> Taken in context, when defense counsel stated, "I understand," the most logical interpretation is that he acknowledged and agreed with the court's general statement of law that instructing the jury on category two lesser is not mandatory. We know this to be the case because defense counsel continued, "I'm asking you. I'm pleading." Defense counsel obviously understood that there was no ruling by the court to this point because he continued to ask and even "plead" to the court for a favorable ruling. Drawing any other conclusion from the record would be impermissible speculation into the undisclosed

- 14 -

> mental processes of defense counsel. There was no further discussion of the matter, there was no ruling by the court on the request, and there was no contemporaneous objection.

Wong, 184 So. 3d at 1124. However, this reliance on the response of counsel was error. Not one of the decisions referred to above analyzed the reaction of defense counsel to inform the determination of whether the trial court understood the relevant request or issued a ruling. Second, the State contends that Wong failed to preserve his claim because "[d]efense counsel never urged the court that it was required to give the instruction, even though [several First District opinions] held that the instruction was required as a permissive lesser included offense on similar facts." Ans. Br. at 21. However, in every case referred to above, trial counsel did not present case law following the denial of their respective requests—they simply made a request. Indeed, in Rigdon, 621 So. 2d 475, the district court considered and declined the same contention the State asserted here. All that is required is that a specific request be made with reasoning set forth and that the judge understands the request and denies it.

Therefore, consistent with uniform Florida legal precedent, we hold—once again—that a request for a lesser included offense jury instruction is preserved where trial counsel makes a specific request, trial counsel sets forth the required grounds for the request, the judge understands the request, and the judge denies the

- 15 -

request.  Although we always encourage a more detailed discussion that will better serve the machinery upon which our judiciary operates, nothing more is required.

We further conclude that Wong clearly preserved the denial of his request for a permissive lesser included offense jury instruction.  Defense counsel referred to the Florida Standard Jury Instructions and requested a specific instruction, and clearly expressed all the required grounds: (1) the information contained the necessary elements; (2) there was evidence in the record to support the giving of the instruction; and (3) the instruction was listed as a permissive, category two instruction.  The State, apparently in agreement, did not make any contentions to the contrary.  Finally, the trial court made a ruling on the request: "I don't have to give a lesser for category two."  As evidenced by the omission of the requested instruction from the trial court's actual instructions to the jury, the trial court's statement was not a mere exercise in superfluity, but its ruling—a denial of the requested jury instructions.

Because we conclude that Wong has sufficiently preserved his request for a lesser-included offense instruction, we now turn to the merits of his claim.  See Savoie v. State, 422 So. 2d 308, 312 (Fla. 1982) ("[O]nce this Court has jurisdiction of a cause, it has jurisdiction to consider all issues appropriately raised in the appellate process, as though the case had originally come to this Court on appeal.").  As this question involves a legal determination based upon undisputed

facts as to whether a jury instruction is a permissive lesser included offense, our review is de novo. See Khianthalat v. State, 974 So. 2d 359, 360-61 (Fla. 2008).

The law is well settled on this issue. "A permissive lesser included offense exists when 'the two offenses appear to be separate [on the face of the statutes], but the facts alleged in the accusatory pleadings are such that the lesser [included] offense cannot help but be perpetrated once the greater offense has been.' " Sanders v. State, 944 So. 2d 203, 206 (Fla. 2006) (alterations in original) (quoting State v. Weller, 590 So. 2d 923, 925 n.2 (Fla. 1991)). A defendant is entitled to an instruction on a permissive lesser included offense upon request where two conditions are met: "(1) the indictment or information must allege all the statutory elements of the permissive lesser included offense; and (2) there must be some evidence adduced at trial establishing all of these elements." Khianthalat, 974 So. 2d at 361 (quoting Jones v. State, 666 So. 2d 960, 964 (Fla. 3d DCA 1996)); see also Fla. R. Crim. P. 3.510(b) ("Upon an indictment or information upon which the defendant is to be tried for any offense the jury may convict the defendant of: . . . (b) any offense which as a matter of law is . . . a lesser included offense of the offense charged in the indictment or information and is supported by the evidence."). When those conditions are met, this Court has held that the failure to give a requested permissive lesser included offense instruction constitutes reversible error. See Amado v. State, 585 So. 2d 282, 283 (Fla. 1991). Whether

the evidence of guilt pertaining to the greater offense is overwhelming makes no difference. See id. Finally, when a trial court reversibly errs in this fashion, the proper remedy is to vacate the judgment of guilt and order a new trial. See id.; Horn v. State, 120 So. 3d 1, 3 (Fla. 1st DCA 2012).

Applying that law, we hold that Wong was entitled to the unnatural and lascivious act jury instructions he requested. As trial counsel explained to the judge, the information alleged all of the elements of unnatural and lascivious act. Specifically, all six counts of the information in this case alleged that Wong made oral and skin contact with the sexual organ of another person. Likewise, as trial counsel explained, there was some evidence to support those allegations—the testimony of the victims.

Invariably, when the sexual conduct alleged did not include sexual intercourse, Florida courts have held that the offense of committing an unnatural and lascivious act is a category two permissive lesser included offense of both lewd or lascivious molestation and lewd or lascivious battery. See Funiciello v. State, 179 So. 3d 388, 391 (Fla. 5th DCA 2015) (lewd or lascivious battery involving digital penetration); Horn, 120 So. 3d at 2 (lewd or lascivious molestation involving the defendant's placement of his head between the victim's exposed breasts); Sherrer v. State, 898 So. 2d 260, 261 (Fla. 1st DCA 2005) (lewd or lascivious molestation involving touching); see also Schuster v. State, 17 So. 3d

304, 304 (Fla. 4th DCA 2009) (affirming conviction of unnatural and lascivious act as a lesser-included offense of a charge of lewd or lascivious molestation for male to male sexual conduct); Leveille v. State, 927 So. 2d 1008, 1009-10 (Fla. 4th DCA 2006) (affirming conviction of unnatural and lascivious act as a lesser-included offense of lewd or lascivious battery involving penetration of a child's vagina with an object).[6]  Furthermore, unnatural and lascivious act is listed as a category two permissive lesser included offense for both lewd or lascivious molestation and lewd or lascivious battery.  See Fla. Std. Jury Instr. (Crim.) 11.10(b); Fla. Std. Jury Instr. (Crim.) 11.10(c).  Here, Wong was charged with both lewd or lascivious battery and lewd or lascivious molestation.  Moreover, none of the charges involved sexual intercourse.  As a result, upon request, Wong was entitled to the unnatural and lascivious act instruction with regard to each count of the information.  The trial court was without discretion to rule otherwise.  See Khianthalat, 974 So. 2d at 361 ("Upon request, a trial judge must give a jury instruction on a permissive lesser included offense if the following two conditions are met: '(1) the indictment or information must allege all the statutory elements of

---

6. Although the State conceded that Wong was entitled to relief on the merits before the district court, the State now retracts that concession on the basis of a perceived conflict.  However, because the State's allegation of conflict involves the application of the offense of unnatural and lascivious act to conduct involving sexual intercourse, we need not reach that question today.  This case does not involve sexual intercourse.

the permissive lesser included offense; and (2) there must be some evidence adduced at trial establishing all of these elements.' " (quoting Jones, 666 So. 2d at 964)).  Wong is entitled to a new trial.  See Funiciello, 179 So. 3d at 389; Horn, 120 So. 3d at 2.

## CONCLUSION

In light of the express and direct conflict between the decision below and our decision in Heathcoat, we quash the decision below and remand to the district court for further proceedings consistent with this opinion.

It is so ordered.

LABARGA, C.J., and PARIENTE, and QUINCE, JJ., concur.
POLSTON, J., concurs in result.
CANADY, J., dissents.
LAWSON, J., did not participate.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

Second District - Case No. 2D14-646

(Lee County)

Howard L. Dimmig, II, Public Defender, and Dane Kristofor Chase, Special Assistant Public Defender, Tenth Judicial Circuit, Bartow, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; and John M. Klawikofsky, Bureau Chief, and Brandon Robert Christian, Assistant Attorney General, Tampa, Florida,

for Respondent